## SUCCESSION OF DAY.

The only charge to which a succession can be subjected for its complete administration is two and a half per cent on the amount of the inventory, after deducting therefrom bad debts. C. C. 1062, 1187, 1188, 1676.

A curator of a succession, who relinquishes his trust without having completed the administration, but after selling all the property of the succession, can claim commissions only on the amount he has received, and on debts which he has made diligent, though unavailing, efforts to collect, but which he has placed on a condition no longer to require the agency of his successor, by ascertaining them to be desperate, or otherwise.

APPEAL from the District Court of Ouachita, *Selby*, J. *Morrison* and *Purvis*, for the curator, appellant. *R. W. Richardson*, for the opponent. The judgment of the court was pronounced by

KING, J. *Oliver* presented an account of his administration as curator of the succession of *Day*, in which he states that the inventory of the property of the deceased amounted to $28,054 34, and that the proceeds of this property when sold were $13,710 87, of which he returns $11,784 78, as uncollected, leaving $1,924 38, as the amount collected. He credits himself in his account with $701 35, being commissions at two and a half per cent on the whole amount of the inventory, and with the sums of $250 and $666 12, paid to an attorney as fees for professional services. *Millaudon*, a creditor of the succession, opposed these items, and his opposition to the first was sustained by the judge, who reduced the commissions, computing them only on the amount received by the curator, but overruled the opposition to the attorney's fees; and the curator has appealed. *Millaudon* asks that the judgment, be amended by rejecting the credits for attorney's fees, and that, in other respects, it be affirmed. *Oliver* has withdrawn from the curatorship of the succession. He contends, however, that having sold all the property confided to his administration, and used due diligence to collect the proceeds, he is entitled to receive commissions on the whole amount of the inventory, under article 1062 of the Code.

It appears to be admitted that, all the property inventoried at $28,054 34,

produced when sold less than half that sum. Under what proceedings the sales were made at this reduced price, when compared with its appraised value, we are not informed by the record. No irregularity, however, has been complained of in this respect, and we must assume that the sales were legally effected. The curator was compelled to institute suits for the recovery of the purchase price of nearly all the property sold ; and those sums, which have not been collected, have either been reduced to judgments, or are still in litigation. Article 1062 of the Code gives to the administrator, upon the settlement of his account, two and a half per cent commissions upon the amount of the inventory, bad debts being first deducted. Articles 1187 and 1188 allowed the curator of a vacant succession, who has only partially administered, and whose term of office is to be extended, or who is to be replaced by another, commissions only on the amount he has received. See also article 1675.

The decisions upon these articles are, in some respects, perhaps not entirely free from conflict, unless it be considered that the legislature intended to establish a distinction between the compensation due to administrators, curators, and executors.

In the case of *Smith* v. *Cheney*, 1 Rob. 98, it was held that, an administrator who had sold the property, collected a sufficient amount to pay the debts, and had taken notes, bearing interest, for the residue of the proceeds, which he returned to the succession, was entitled to full commissions.

In the case of the *Succession of Milne*, 1 Rob. 401, decided a few months later, the court said : "This commission is the compensation which the executor is entitled to for administering the whole estate ; he cannot, therefore, begin his administration, by pocketing it; for if he be prevented by death, or otherwise, from completing his administration, it would be absurd to say that he is entitled to the same compensation as if he had completed the work. Nor can it be pretended that, on every mutation of the executorship, the preceding and succeding incumbents are each entitled to a commission on the whole estate. The compensation due to each incumbent is to be reckoned on the portion of the estate which he administers."

In the case of *Blakey's Succession*, 12 Rob. 156, 159, it was held that, an administrator, on showing diligent efforts to collect debts not falling within the denomination of bad debts, is entitled to commissions on those sums, although his efforts may have been ineffectual, and the same doctrine was recognized in the case of the *Succession of Johnston*, 1 An. 76. But there is no intimation of an opinion in any of those cases, that more than one commission is to be allowed, or that any commission is to be allowed on uncollected debts, unless those debts be shown to be in a condition which requires no further administration ; but, on the contrary, in the case of *Milne's Succession*, to which we have referred, the proposition is distinctly negatived.

The Code contemplates, that the only commission to which a succession shall be subjected for its complete administration, is two and a half per cent on the amount of the inventory, after deducting bad debts. Arts. 1062, 1187, 1188, 1676. We think that it results from the spirit of the decisions to which we have referred, and of our legislation upon this subject, that the curator who relinquishes his trust, without having fully administered, can only claim commissions on the amount which he has received, and upon those sums which he has made diligent, although unavailing, efforts to collect, but which he has placed in a condition no longer to require the agency of his successor, by ascertaining them to be desperate or otherwise. See Projet of amendments to the Civil Code,

p. 157. None of the demands returned by the curator in the present instance having been shown to be in this condition, we think that the district judge did not err, in restricting the commissions to the amount actually received.

The items numbered 1, 2 and 3, in the account of *George W. Copley*, marked K, amounting collectively to $421 25, for professional services as an attorny, are not proved. The only testimony in relation to them is that of a witness, who says that, "if the services were rendered the charges for the same are reasonable." This evidence is clearly not sufficient to authorize the credit. The remaining items of the same account, viz: 4, 5, and 6, amounting collectively to $242 87, are established by the evidence. The fee of $250 paid by the curator to *Copley*, for his professional services in conducting the mortuary proceedings, is also shown by the evidence to be reasonable, and was properly allowed as a credit. The fact that *Copley* was, as surety of *Alexander*, a debtor of the succession at the time that the curator paid his fees, is not shown in the record. The question of compensation presented by the counsel of the opposing creditor does not therefore arise.

It is, therefore, ordered that, the judgment of the District Court be amended, by rejecting the items numbered 1, 2, and 3, in the account of *George W. Copley*, marked K, amounting collectively to $421 25; that said *Oliver* be discharged on paying the sum of $465 90, the balance appearing to be due by him in his said capacity of curator; and, in other respects, that said judgment be affirmed; the appellant paying the costs of this appeal.