MELINS, CURRIE & SHERWOOD, plaintiffs in error, vs. CROSBY J. HORNE, defendant in error.

SILAS C. HERRING, plaintiff in error, vs. CROSBY J. HORNE, defendant in error.

An appeal from a confession of judgment, reserving the right of appeal, is good although no juries were in attendance on the Court at which, the confession was made.

Assumpsit, in Lownds Superior Court. Decision by Judge COCHRAN, June, 1859.

These two cases being against the same party, and involving the same legal questions, were heard and decided together

These cases were brought in the Inferior Court, and at the second or trial Term in said Court, defendant confessed judgment, reserving the right of appeal, and the cases were accordingly transferred to the appeal in the Superior Court, as provided by law.

Upon the call of the cases for trial, at June Term, 1859, defendant moved to dismiss the appeals, on the ground that, at the Term of the Inferior Court when the confessions of judgment were made, no jury was drawn or empanneled.

It appeared that both cases were issued and returnable to the February Term, 1858, of Lownds Inferior Court. That

the court-house of said county was burnt, with all the records of the Courts, in June, 1858. That at the succeeding regular Term of said Inferior Court, on the first Monday in August, 1858, it being the trial Term of said causes, no jury was in attendance—none having been drawn or empanneled—but a majority of the Justices of said Court were present, and held the Court and transacted the business before them ; and that these cases were then called in their order, and plaintiffs, by their counsel, confessed judgments in said cases, respectively, to defendant, reserving the right of appeal, and that plaintiffs gave the bonds required by law, and paid all cost, &c.

The presiding Judge granted the motion, and dismissed the appeal in both cases, on the ground that there was no jury drawn or empanneled at said Term of the Inferior Court, when said confessions were made and appeals entered, and consequently, no judgment could be rendered at or by said Inferior Court, from which an appeal could be taken.

To which decision counsel for plaintiffs excepted.

A. P. WRIGHT; and SEWARD, for plaintiffs error.

MORGAN; and HUNTER, *contra.*

*By the Court.*—BENNING J. delivering the opinion.

Were the appeals good ?  If so, the judgments dismissing them, were erroneous.

The appeals were good, if the confessions of judgment were good, and if appeal lies from a confession of judgment— this may be assumed.

The confessions of judgment were good.  What has the presence of a jury, to do with a confession of judgment ? Nothing.  Confession of judgment is a substitute for verdict

And a Court is a Court, notwithstanding, it lack a jury Many judicial acts may be done without a jury.  Receiving a confession of judgment is one of them.

Appeal lies from a confession of judgment; at least, it does, when the right of appeal, is reserved in the confession; and that right was reserved in this case.  *Nisbet vs. Lawson*, 1 *Kelly*, 275 ; 5 *Ga.* 298.

We think, then, that the judgments dismissing the appeals, were erroneous.

Judgments reversed.