PRESTON J. LEA, trustee, plaintiff in error, *vs.* PRESLEY YATES, defendant in error.

A confession of judgment for the sum of $............, with interest and costs of suit, is not sufficient to sustain a judgment, signed up for a specified sum as principal, with interest, etc., as the shape of the confession shows that the parties had not agreed upon the amount with which the blank was to be filled, or had, for some other reason, neglected to fill it; such judgment takes no lien on the property of the defendants, and an order of Court, amending the confession by filling the blank with the sum for which the judgment had been signed, will not create a lien on property purchased from the defendants, *bona*

*fide*, prior to the date of such order. The record in such case was only notice of what it contained, and was not notice that there was any legal judgment against the defendants or any lien upon their property.

Lien. Claim. Before Judge PARROTT. Catoosa Superior Court. August Term, 1869.

Yates sued Dickson, Wooten & Malone, as makers, and Curry, as security, on their promissory note. Pending the action, payments were made on it. On the 12th of November, 1860, defendants' counsel confessed judgment, as follows: " We confess judgment to the plaintiff for the sum of $........, with interest and costs of suit, reserving the right of appeal." On that confession Yates' attorney, on the 20th of November, 1860, entered a judgment against said defendants for $224 58 principal, $4 71 interest, and $...... costs. On the 30th of said month a *fi. fa.* issued pursuant to said judgment, which *fi. fa.*, on the 10th of April, 1867, was levied on certain lands in said county. On the 11th of April, 1867, Preston J. Lea, as trustee for his wife and children, filed a claim to said lands. Afterwards, at May term, 1867, Yates' counsel obtained an order of Court amending said confession of judgment, by inserting in said blank $224 58, and entering it as so amended upon the minutes.

When the claim case came on to be heard Yates' attorney read in evidence said *fi. fa.*, proved the *locus* of the property levied upon, and that Curry was in possession of said lands in 1863, claiming them as his own, and also proved title in Curry to said lands prior to the judgment. Claimant introduced deeds showing that Curry sold the lands in 1865 to Inman, and that in 1865 Inman sold them to claimant, as such trustee, and the claimant testified that neither he nor his wife had any knowledge of said judgment when he bought said lands. Claimant also read in evidence the original suit by Yates, and said blank confession and the judgment thereon.

Yates' attorney, in rebuttal, read said order of amendment, and showed that the Clerk had amended the confession and minutes according to said order.

Upon these facts the parties agreed that the Judge should

decide whether the lands were subject to said judgment and direct the jury how to find. He directed them to find the lands subject, they did so, at that is assigned as error.

W. AKIN, DODSON & PAYNE, for plaintiff in error.

A. T. HACKETT, (by W. H. DABNEY,) for defendant in error.

BROWN, C. J.

Suit was commenced upon a promissory note, upon which there are credits, dated pending the action, and at November term, 1860, the counsel for defendants made the following confession, which was entered on the minutes as made: "We confess judgment to the plaintiff for the sum of $........., with interest and cost of suit, reserving the right of appeal." Upon this confession the counsel for plaintiff entered up judgment for $224 58, principal, and $4 71, interest. In 1865, defendant in *fi. fa.* sold the land in dispute to claimant, and to those under whom she held, who proved she had no notice of the judgment. On the 10th of April, 1867, the *fi. fa.* was levied upon the land in the hands of the purchaser, and she filed her claim; and at May term following, the Court passed an order directing the blank in the confession of judgment, and on the minutes of the Court, to be filled with the amount specified in the judgment. The claimant denied that the amendment could be made to her prejudice, and insisted that the judgment, resting upon such amended confession of judgment, took no lien upon the property she had purchased from the defendant, without notice of the judgment before it was amended, so as to make it a valid judgment. The Court held, and so charged the jury, that the judgment so amended took lien on the property from the date of the confession in November, 1860, and the jury found the property subject, and this decision is assigned as error.

When the amount claimed by the plaintiff is plainly and distinctly specified in the declaration, and the jury finds generally for the plaintiff, this Court has held that the verdict

is good, as that is sufficiently certain which can be made certain, and it will be presumed the jury intended to find the full amount claimed by the plaintiff.   But this is not that case.   Here the confession of judgment is for the sum of $ ........:.   The language used and the blank left raised a strong presumption that the parties had not agreed upon the sum for which the confession was to be made, but that there was to be something else done, or some further understanding before the blank was filled.   Till it was filled there was nothing to sustain the judgment, and it could not legally proceed against the defendants.   While the record was in this condition the judgment took no lien on the property of the defendants, and we hold that it could not afterwards be amended so as to prejudice the rights of *bona fide* purchasers from the defendants prior to the amendment.   If proper notice were given to the defendants, the judgment, when the confession had been amended, became a valid judgment as against them, but not as against *bona fide* purchasers, in the meantime.

It was insisted by the learned counsel for the defendant in error, that this was an irregular or defective judgment, which could be made perfect by amendment, and that this was sufficient notice to put the purchaser on inquiry, or in other words, it was constructive notice, and she was not, therefore, in law, a *bona fide* purchaser, but a purchaser with notice.   We do not concur with the counsel in this view of the rights of these parties.   Till this amendment was made we think this judgment had no validity.   It rested upon neither the verdict of a jury nor a confession by the defendants for anything but cost of suit.   The amount of principal for which it was to be rendered had never been agreed upon by the parties, and as there was no definite sum of principal there could be no calculation of interest.

It is true the record was notice to this purchaser and to all other persons; but notice of what?   Notice simply to what it contained.   It was notice of a suit pending in the Court, but of no legal judgment rendered upon it, and as the claimant purchased *bona fide* before there ever was a legal judg-

ment, she is protected, and holds her land free from the lien of the judgment which has since been created by the order of the Court amending the confession.

Judgment reversed.