ANDREW J. WILLIAMS, executor, and FRANCES E. ALBRITTON, executrix, plaintiffs in error, *vs.* JAMES A. ATWOOD *et al.*, defendants in error.

(TRIPPE, Judge, was providentially prevented from presiding in this case.)

1. Where an execution failed to follow the judgment upon which it was based, either in amount or as to the parties, it was properly excluded upon the trial of a claim.
2. A judgment must be regularly entered upon a confession of judgment. The confession itself is not the judgment of the court.

Executions. Evidence. Judgments. Practice in the Superior Court. Before Judge CLARK. Sumter Superior Court. April Term, 1874.

For the facts of this case, see the decision.

W. A. HAWKINS, by J. A. ANSLEY; C. T. GOODE, for plaintiffs in error.

LANIER & ANDERSON, by brief; GUERRY & SON, for defendants.

WARNER, Chief Justice.

This was a claim case, and on the trial thereof the court, on motion of claimants' counsel, ruled out the plaintiffs' *fi. fa.* as evidence before the jury, and dismissed the levy; whereupon, the plaintiffs excepted. It appears from the evidence in the record that Black and Samuel R. Walker confessed judgment to Albritton at the April term, 1861, of Sumter superior court, for the sum of $15,000 00, reserving the right of appeal. An appeal was entered, and pending the appeal, Walker died, and his administrators were made parties in his stead. At the April term of the court, 1871, the appeal was dismissed. There does not appear to have been any judgment entered up on the confession of judgment made at the April term, 1861, either before the appeal was entered, or after the dismissal thereof. On the 12th of August, 1871, an execution was issued on the confession, we suppose, as there is no other judgment to be found in the record, commanding the sheriff to make the sum of $9,380 50 by levy and sale of the goods and chattels, lands and tenements of Robert C. Black, and Burmah Walker and James M. Walker, administrator and administratrix of Samuel R. Walker, deceased, to satisfy a judgment which Andrew J. Williams and Frances E. Albritton, executor and executrix of the estate of M. G. F. Albritton, deceased, recovered against Robert C. Black and Burmah Walker and James M. Walker, administrator and administratrix of the estate of Samuel R. Walker, deceased. The court ruled out the *fi. fa.* because it did not follow the judgment, and did not authorize a levy on Samuel Walker's property.

1. Assuming that the confession would operate as a judgment, without a judgment having been entered up thereon,

still the *fi. fa.* does not follow the assumed judgment, either in amount or as to the parties, and was properly ruled out by the court on that ground. Code, section 3636.

2. The Code does not in express terms declare that a judgment shall be entered up and signed on a confession, as in cases in which verdicts are rendered, within four days after the adjournment of the court, but such has always been the practice in our courts, so far as we are advised. The 3570th section of the Code declares that in *all* cases where judgment may be obtained, such judgment shall be entered up for the principal sum due with interest, etc. This would include judgments obtained by confession. The 3600th section declares that no confession of judgment shall be entered up, but in the county where the defendant resided at the time of the commencement of the action, etc., thus clearly recognizing that a judgment obtained by confession is to be entered up as in cases of judgments rendered on verdicts. Until the judgment is entered up, and signed, it is not the judgment of the court.

Let the judgment of the court below be affirmed.