2435.   HUFF v. WHITNER, MANRY & COMPANY.

In cases in a justice's court, where an appeal will lie, the appeal can be
made from a confession of judgment without any formal entering up
of judgment by the justice on the confession.

DECIDED JULY 5, 1910.

Appeal; from Fulton superior court—Judge Bell.   January 19,
1910.

*Anderson, Felder, Rountree & Wilson, E. D. Thomas,* for plain-
tiff in error.

*J. Caleb Clarke,* contra.

HILL, C. J.   This was an appeal from a confession of judgment
in a justice's court.   The judge of the superior court sustained a
motion to dismiss the appeal, because it did not affirmatively appear
that the appeal was entered within four days from the confession of
judgment by the defendant; and this judgment of dismissal con-
stitutes the only error assigned.   The appeal was from the following
confession of judgment: "Whitner, Manry & Co. v. W. E. Huff.
No. 19935, Fulton Superior Court.   Suit on account in J. P.
Court, 1362 district G. M.   Amount, $52.50.   Comes now the de-
fendant in the above-stated case and, in pursuance to § 5361 of the
Code of 1895, enters this his confession of judgment, and, as pro-
vided in said section, enters this his appeal to a jury in the su-
perior court, and, being dissatisfied with said judgment, and having
paid all the costs which have accrued in the case up to the time of
entering this appeal, and within the time allowed by law, enters

this his appeal to a jury in the superior court. And the said W. E. Huff, as principal, and J. D. Sisson, as security, hereby acknowledge themselves bound unto the appellee herein for the eventual condemnation money in said cause. Witness our hands and seals this 6th day of November, 1909. [Signed] W. E. Huff, principal; J. D. Sisson, security. J. N. Langston, J. P. Approved and filed, 11-6-09." "Now comes the defendant, after paying cost and making bond, appeals to jury in superior court. Appeal entered. Nov. 6, 1909. J. N. Langston, J. P."

Section 5361, supra, provides that either party has the right to confess a judgment without the consent of his adversary, and to appeal from such confession without reserving the right so to do, in cases where an appeal is allowed by law. It is manifest, from the date of the confession of judgment and the date of the appeal from such confession, that both the confession of judgment and the appeal were entered the same day. But it is insisted that the confession of judgment is not a judgment of the court, from which an appeal could have been entered. The statute above quoted expressly provides that an appeal can be entered from a confession of judgment. There is no law requiring a justice to enter up a formal judgment on a confession of judgment before the right of appeal would accrue. In fact it is well settled, that an appeal by consent may be entered without any judgment whatever; and this is the general practice. We therefore conclude that the judge of the superior court erred in dismissing the appeal on the ground that it was insufficient in law. We think the confession of judgment and the appeal set forth are in exact compliance with the statute. See also §§ 4138, 4453.

*Judgment reversed.*