INFORMATION BUYING COMPANY *v.* MILLER.

No. 8362. NOVEMBER 13, 1931.

*R. R. Jackson,* for plaintiff in error. *W. B. Knight,* contra.

HINES, J.  L. O. Miller filed his petition against the Information Buying Company, alleging this case:  On February 27, 1930, said company filed in the municipal court of Atlanta what purports to be a confession of judgment, as follows:

"I agree to a judgment against me in favor of Information Buying Co., in the above named and stated matter for the sum of $400.15, same to be paid at the rate of $50.00 per month, $15.00 on the 1st and $25.00 on the 15th of each month, beginning December 15, 1929, and continuing on the 1st and 15th of each month thereafter until the whole amount shall have been paid in full.  Said judgment is for the damage to and conversion of the above amounts as follows:  Atlanta Finance Company, $89.00; C. C. Arnold & Company, $23.00; Barnes Investment Company, $23.00; Durham Company, $23.00; Dodson Company, $33.00; Henry & Company, $47.00; T. N. Paris Company, $35.00; Union Investment Company, $68.75; Wall & Company, $32.50; Information Buying Company (fee), $25.00.  I, by this writing, waive process, copy of process, copy of petition, also time and term, and all other and further service and notice is waived as to this suit, and judgment is confessed for the amount hereinabove stated.

"This February 27th, 1930.

"L. O. Miller, Defendant.  R. R. Jackson, Atty. for plaintiff."

"And it is so ordered.  Clarence Bell, Judge M. C. A."

This instrument was executed in December, 1929, in the office of the defendant's attorney.  At that time there was no suit on file by the defendant against petitioner.  The amounts specified in said instrument represent loans made by the parties therein named to petitioner; in which loans the various parties named contracted for and received more than eight per cent. interest, and were not qualified under the small-loan act of August 17, 1920.  At no time did petitioner sell to any of the parties named in said instrument any salary which was completely earned; but the notes for said amounts were for partial salaries earned.  Sometime in December, 1929, the attorney for the defendant told petitioner to sign what he stated to be a judgment for money loaned to petitioner by said parties with the amounts set out in said instrument.  He did not inform petitioner and petitioner did not agree that he ever. converted any moneys or salaries that belonged to any of said parties. The attorney for defendant charged petitioner $25 as attorney's

fees. On February 27, 1930, defendant's attorney filed in the municipal court of Atlanta suit for the sum total mentioned in said instrument, with said instrument attached. In 1930 petitioner filed his petition in bankruptcy, and listed therein each of the parties mentioned in said instrument, with the amounts due each as set out therein. Each of said amounts is subject to discharge in bankruptcy. The defendant is threatening to sue out a garnishment on said judgment, which is void; and it will run a series of garnishments in order to obtain funds sufficient to satisfy said void judgment. Petitioner will have to defend each of said garnishment suits. He has not yet obtained a discharge in bankruptcy, so as to plead the same as a discharge from said debts against the various parties named in said instrument. He is without remedy at law, and has to apply to a court of equity to set aside said judgment which shows on its face to be void. He prays that the court set aside said judgment upon the grounds herein set out; that the defendant be enjoined from further proceedings in garnishment on said judgment; that the action in the municipal court be stayed until petitioner has obtained his discharge in bankruptcy from said debts, or until further order; that the defendant be required to produce the notes given to said parties, and that the court cancel them as void.

The defendant demurred on the grounds that the petition does not set forth a cause of action clearly, fully, and distinctly, that there is no equity therein, and that plaintiff is seeking equity without proposing to do equity. There were various grounds of special demurrer. The judge overruled the demurrer, and the defendant excepted.

■ The practice of confessing judgment by a defendant after an action is brought was established by immemorial usage, and existed at the common law. *Hicks* v. *Ayer,* 5 *Ga.* 298. So far as our investigation discloses, this practice came into the jurisprudence of this State by the act of February 25, 1784, which adopted the common law of England of force and binding on the inhabitants of the Province of Georgia on May 14, 1776, so far as it was not contrary to the constitution, laws, and form of government established in this State at the date of the passage of said act. Prince's Digest (1821), 310; Prince's Digest (1837), 570; Cobb's Digest, 721. This practice of confessing judgment by a defendant has

been recognized by the statutes of this State since 1792, and by all of the Codes of Georgia from the first to the last. By section 5 of the act of December 18, 1792, which was denominated "An act to revise and consolidate the several judiciary acts of this State," it was provided that "no confession of judgment shall be hereafter entered up, unless said confession be made under proclamation, in open court, and where the justice of the same shall appear to the satisfaction of the judge or justices of the said court." Watkins' Digest, 582. By section 27 of the judiciary act of 1799 it was provided that "No confession of judgment shall hereafter be entered up but in the county where the defendant or defendants may reside, or unless the cause hath been regularly sued out and docketed in the usual way, as in other cases, nor until such cause be called in order by the court for trial." · Cobb's Digest, 495. The makers of the Code of 1863 codified the law upon this subject as follows: "No confession of judgment shall be entered up but in the county where the defendant resided at the commencement of the action, except expressly provided for by law, nor unless the cause has been regularly sued out and docketed as in other cases." § 3518. The same provision and in identical language appeared in all subsequent Codes. It is found in the Civil Code of 1910, § 5954. It will thus appear that the practice of confessing judgment does not owe its origin to any statute of this State. This practice exists by virtue of our statute of February 25, 1784, which adopted the common law of England, which was in force and binding upon the inhabitants of the Province of Georgia on May 14, 1776, and which was then in use in the Province of Georgia, and not inconsistent with the constitution, laws, and form of government established in this State at the time of the adopting act. The statutes to which we have referred do not undertake to create this right. They deal solely with the method to be followed in exercising such right. In other words, they do not establish the principle of confessing judgment, but merely prescribe the method for its exercise. Neither does the Code of this State undertake to define this principle, but deals only with particulars which must be complied with in the exercise of the right.

So, to determine what is the method of procedure in this matter, we must look to the common law of England. At common law a judgment by confession was one entered for the plaintiff in a case

where the defendant, instead of entering a plea, confessed the action, or at any time before trial confessed the action and withdrew his plea and other allegations. Hunter *v.* Eddy, 11 Mont. 251 (28 Pac. 296); Terrill *v.* Van Bibber, 3 La. Ann. 624; Wade *v.* Swope, 107 Mo. App. 375 (81 S. W. 471); Bouvier's Law Dic. (Baldwin's Students' ed. 1928) 606; 34 C. J. 97 (§ 257), A. The confession of judgment was well known at the common law, which recognized two kinds of judgments by confession, the one a judgment by cognovit actionem, and the other by confession relicta verificatione. In the former the defendant after service, instead of entering a plea, acknowledged or confessed that the plaintiff's cause of action was just and rightful. In the latter, after pleading and before trial, the defendant abandoned his plea or other allegations; whereupon judgment was entered against him without proceeding to trial. In order to sustain a judgment of either kind, it was essential that process regularly issued should have been served upon the defendant. Cognovit actionem was not an authority given before the action was commenced, but was a confession signed by the defendant after the process had been issued. 15 R. C. L. 648, § 92, notes 3, 4, and cit.; 34 C. J. supra. In many jurisdictions provision is made by statute for confession of judgment before the institution of an action or suit against the one so confessing. The authority to confess may be given by warrant of attorney executed at the time the debt is created. These statutes have no application to judgments by confession at the common law, which had to be entered after action had been brought and process had been regularly served. 34 C. J. 99 (§ 264), 2. There is no statute in this State which provides for confession of judgment without the pendency of an action.

This brings us to construe section 5954 of the Civil Code, supra, which in part declares that "No confession of judgment shall be entered up . . . , unless the cause has been regularly sued out and docketed as in other cases." Under this section, can a judgment be entered upon a confession of judgment, made before any action is commenced? Can a debtor confess judgment before suit has been brought? It may be said that this section only prohibits the entry of a confession of judgment until suit has been filed; and that as suit was filed on February 27, 1930, and the entry of the confession was made on that day, the terms of this section

were complied with, and that a valid judgment could then be taken against the debtor. We have seen that a confession of judgment by the common law was one made in an action and after it was begun, and not one made months before the action was commenced. In this case the confession of judgment relied on was made in December, 1929. The suit was not filed until February 27, 1930. In these circumstances we have no confession of judgment made by the defendant in a suit and after it had been begun. This section expressly provides that no confession of judgment shall be entered up unless the cause has been regularly sued out. We should construe this section in connection with the common-law principle that a confession of judgment is one made after the action is commenced; and so construing it, we hold that no confession of judgment, made before suit is commenced, can be entered in a cause commenced after the confession is made, and that no valid judgment can be rendered upon such confession so made and entered. A confession of judgment is the substitute for a verdict. *Brown* v. *Anderson,* 13 *Ga.* 171; *Melins* v. *Horne,* 29 *Ga.* 536; *Easter* v. *Snelling,* 30 *Ga.* 503. As the verdict can not be taken until the suit is filed, it seems clear that a confession of judgment, which takes its place, can not be made prior to the institution of the suit.

Besides, a judgment must be regularly entered upon a confession of judgment. The confession itself is not the judgment of the court. *Williams* v. *Albritton,* 52 *Ga.* 585. The alleged confession amounts to no more than an admission of indebtedness, and an agreement to take judgment thereon when it can properly be rendered. The confession of judgment, made before any action was begun, was not, as we have seen, such a one that a judgment could be entered thereon after suit was filed, and an entry of such alleged confession after suit was filed would not authorize the rendition of judgment thereon. Such entry of the judgment on confession was null and void; and no valid judgment could be entered thereon. Besides, no judgment was entered upon the confession of judgment; and the endorsement thereon by the judge, to wit, "and it is so ordered," did not amount to a judgment on the confession; but at most it amounted to an order making the confession a part of the record in the case. This construction is borne out by the provision of the act of 1792 which prohibited an entry of a confession of judgment unless it was "made under

proclamation in open court." This construction is likewise borne out by that portion of section 27 of the judiciary act of 1799 which provided that no confession of judgment shall be entered up "unless the cause hath been regularly sued out and docketed in the usual way, as in other cases, nor until such cause be called in order by the court for trial." By clear implication the confession of judgment must be made after "the cause hath been regularly sued out and docketed in the usual way, as in other cases," and not then "until the cause has been called in order for trial." Confession of judgment necessarily means an acknowledgment of the action; and there can be no such acknowledgment of an action which is not in existence.

In *Grady* v. *Information Buying Co.*, 168 *Ga.* 175 (147 S. E. 558), the petition was filed and process issued before the alleged confession of judgment was made. The process was dated April 22, 1926, and on April 22, 1926, the judge of the municipal court of Macon made the same endorsement on the confession of judgment as was made in the case which we have under consideration. That is, he made on the confession of judgment this order: "And it is so ordered." In that case the confession of judgment was on the petition. The ruling in the case cited should not be extended beyond the facts thereof. So we are of the opinion that a confession of judgment which would authorize an entry of judgment thereon, under the law of this State on this subject, which was adopted from the common law of England, can not be made until an action is instituted. Such confession of judgment must be made in a suit and after its institution. So if we treat the entry by the judge on the alleged confession of judgment in this case as constituting a judgment, the same is void for lack of such confession of judgment as would authorize the entry of judgment.

■ The defendant demurred to the petition upon the ground, among others, that the plaintiff is seeking equity without proposing to do equity. This contention is based upon the familiar equity maxim that "He who would have equity must do equity, and give effect to all equitable rights of the other parties respecting the subject-matter of the suit." Civil Code (1910), § 4521. It is not pointed out what equity or equitable rights of the defendant the plaintiff is neglecting or failing to give effect to. The defendant claims to have a judgment at law against the plaintiff, which

it is at liberty to enforce in any legal manner. The plaintiff asserts that there is no valid judgment which can be enforced either at law or in equity. Plaintiff further asserts that the claims upon which the alleged confession of judgment was made were dischargeable in bankruptcy. This the defendant denies, for the reason that these claims arose from the conversion by the plaintiff of assignments made by him of portions of his salary to various creditors, as appears from the petition in the case. Plaintiff further asserts that the defendant is threatening to enforce this judgment by garnishment proceedings. It is true that the plaintiff seeks to have set aside the judgment entered upon said alleged confession of judgment, upon the ground that it was void for certain reasons given in his petition and hereinbefore set out. It does not appear from the facts alleged in the petition that the defendant has any equity or equitable rights to which plaintiff should give effect. On the contrary, the petition alleges that the defendant has no legal or equitable rights under the judgment which it is seeking to enforce against the plaintiff. The only right of the defendant involved is its legal right to have the judgment paid, if it is valid. This is a plain legal right. It does not rest upon any equitable right. From the allegations of the petition it does not appear that the defendant is entitled to any equity or to any equitable rights to which the plaintiff should give effect. We do not think that the equitable maxim on which the defendant relies is applicable under the facts of this case.

Applying the principles above announced, the trial judge did not err in overruling the demurrer to the petition.

*Judgment affirmed. All the Justices concur.*