21980. WHITLEY v. SOUTHERN WHOLESALE CORPORATION.

SUTTON, J. 1. A confession of judgment is a substitute for verdict. *Brown* v. *Anderson*, 13 *Ga.* 171; *Melins* v. *Horne*, 29 *Ga.* 536; *Easter* v. *Snelling*, 30 *Ga.* 503.

2. There is no statute in this State which provides for confession of judgment without the pendency of an action. Civil Code (1910), § 5954, declares in part that "No confession of judgment shall be entered up . . . unless the cause has been regularly sued out and docketed as in other cases." Under this section a judgment can not be entered upon a confession of judgment, made before any action is commenced. *Thomas* v. *Bloodworth*, 44 *Ga. App.* 44 (160 S. E. 709). An elaboration of this principle, in an opinion by Justice Hines will be found in the case of *Information Buying Co.* v. *Miller*, 173 *Ga.* 786, 790 (161 S. E. 617). The waivers in the agreement relied upon in that case are almost identical with the ones in the instant case. It was held in that case that the confession of judgment was not good, because there was no suit pending when the same was made, and that decision was by a full bench.

3. A judgment must be regularly entered upon a confession of judgment. The confession itself is not the judgment of the court. *Williams* v. *Atwood*, 52 *Ga.* 585. The confession amounts to no more than an admission of indebtedness, and an agreement that judgment shall be taken thereon when it can properly be rendered.

4. In the instant case the confession of judgment relied on was made May 26, 1931, and the suit was not filed until September 1, 1931. In these circumstances we have no confession of judgment made by the defendant in a suit after it had been begun. No confession of judgment, made before suit is commenced, can be entered in a cause commenced after the confession is made, and no valid judgment can be rendered on such confession so made and entered. *Information Buying Co.* v. *Miller*, supra.

5. Applying the above principles, the trial judge erred in rendering judgment against the defendant, based on such agreement in the nature of a confession of judgment.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JULY 14, 1932.

446

*T. R. Perry, R. D. Smith,* for plaintiff in error.
*Fulwood, Forrester & Fulwood,* contra.