## WADE, Justice of the Peace, *v.* COMBINED MUTUAL CASUALTY COMPANY OF CHICAGO, ILL.

No. 15561.   SEPTEMBER 7, 1946.

320

*Evans & Evans,* for plaintiff in error.

*Bussey, Fulcher & Hardin,* and *T. Reuben Burnside,* contra.

HEAD, Justice. (After stating the foregoing facts.) ■ It is strongly contended here that the trial court should have dismissed the original petition, under the rule that in order for a party to enforce a private right by mandamus he must show pecuniary loss for which he can not be compensated in damages. *Atlantic Ice & Coal Corp.* v. *Decatur,* 154 *Ga.* 882 (115 S. E. 912). If the petition showed a right in the plaintiff in the court below to confess judgment and to enter its appeal to a jury in the superior court, and that this right was denied by the justice of the peace in refusing to file its confession of judgment and enter its appeal, it would seem that the petition complies fully with the rule invoked. "Jurisdiction and venue could not very well be measured in terms of money, and so, in the very nature of the right asserted, an action for damages would not have been adequate. In this view, it is unnecessary to determine whether the rule as to the existence of another remedy would apply at all, where, as here, the duty is one that is specifically imposed by statute." *Head* v. *Waldrup,* 197 *Ga.* 510 (29 S. E. 2d, 561).

■ "Process necessary to the commencement of any suit against any corporation in any court . . may be perfected by serving any officer or agent of such corporation." Code, § 22-1101. A corporation is an artificial person, a creature of the law, and it may, under its charter, and under the law, reside in many places at one and the same time, for all purposes for which it was created, including the right to sue and to be sued. Such residence for the purpose of doing business, and the maintaining of legal proceedings by or against the corporation, is in no wise dependent upon the location of its main office or principal place of business. The

Code, § 110-601, relied upon by the justice of the peace for his refusal to file and enter the confession of judgment of the corporate defendant, in so far as applicable to it in the cause before him, was fully met by the fact that it had been served, jurisdiction fixed, and the cause was actually pending and ready for trial. It was held by this court in *Information Buying Co.* v. *Miller,* 173 *Ga.* 786 (161 S. E. 617), that there can be no confession of judgment without the pendency of an action. Before there can be a valid action pending in any court, the court must have jurisdiction of the parties. Thus we conclude that the Code, § 110-601, contemplates the pendency of a valid action, where the jurisdiction of the court is unquestioned, and nothing more, before there may be a confession of judgment by either party as provided by § 110-603, and this would be true whether such party be an individual, a partnership, or a corporation.

■ The question as to whether the remedies of mandamus and injunction can not in any case be joined, as contended by the plaintiff in error, does not appear to be before us for determination, since the trial court, on demurrer, struck all allegations and prayers for injunction. In this connection, however, see *Burt* v. *Crawford,* 180 *Ga.* 331 (179 S. E. 82), where it was held: "In the circumstances of this case the remedies of mandamus and injunction may be joined in one action." See also *Baggerly* v. *Bainbridge State Bank,* 160 *Ga.* 556 (5) (128 S. E. 766).

■ "There is no law requiring a justice to enter up a formal judgment on a confession of judgment before the right of appeal would accrue." *Huff* v. *Whitner, Manry Co.,* 8 *Ga. App.* 26 (68 S. E. 463). Since the right of appeal, under the rule stated in that case, will accrue on a confession of judgment, such right is not based on any decision of the justice where a judicial act or discretion is involved. In refusing to allow and file the confession of judgment offered by the defendant in error, and in refusing to accept and file its appeal to a jury in the superior court, the justice of the peace failed to discharge ministerial duties, which duties may be compelled by mandamus. *Manson* v. *College Park,* 131 *Ga.* 430 (6) (62 S. E. 278) ; *Walker* v. *Hartford Accident &c. Co.,* 196 *Ga.* 361 (26 S. E. 2d, 695). It has been held that, even where an officer is vested with a discretion, the exercise of which has been so capricious or arbitrary as to amount to its gross abuse, mandamus will lie.

■

*Bryant* v. *Board of Education of Colquitt County,* 156 *Ga.* 688 (2a) (119 S. E. 601). The fact that the plaintiff Neal had previously appealed from the judgment of $175 in his favor to a jury in the justice's court is not controlling here, since the failure of the justice to accept and file the confession of judgment offered by the defendant rendered nugatory all subsequent proceedings.

"All official duties should be faithfully performed; and whenever, from any cause, a defect of legal justice would ensue from a failure or improper performance, the writ of mandamus may issue to compel a due performance, if there shall be no other specific legal remedy for the legal rights." Code, § 64-101. "To entitle one to the writ of mandamus, it must appear that he has a clear legal right to have performed the particular act which he seeks to have enforced." *City of Atlanta* v. *Blackman Health Resort,* 153 *Ga.* 499 (5) (113 S. E. 545) ; *Adkins* v. *Bennett,* 138 *Ga.* 118 (74 S. E. 838) ; *Cassidy* v. *Wiley,* 141 *Ga.* 333 (80 S. E. 1046) ; *Hodges* v. *Kennedy,* 184 *Ga.* 402 (191 S. E. 377). In this case the defendant in error had a clear legal right to confess judgment and enter its appeal to a jury in the superior court. From a denial of this right "a defect of legal justice would ensue." The writer knows of no remedy other than mandamus whereby such defect of "legal justice" may be corrected. It follows that the trial court did not err in overruling the demurrer of the plaintiff in error and in thereafter entering judgment for a mandamus absolute against him.

*Judgment affirmed. All the Justices concur, except Duckworth, J., who dissents.*