**FIRST DIVISION
BARNES, P. J.,
GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**July 1, 2024**

# In the Court of Appeals of Georgia

A24A0153. GONZALEZ v. MILLER.

BARNES, Presiding Judge.

In March 2023, Jarrod Miller, a resident of Athens-Clarke County, filed an application for writ of mandamus, as amended, in which he challenged Deborah Gonzalez's performance of her statutory duties as the Western Judicial Circuit District Attorney, which includes Athens-Clarke County.[1] Gonzalez moved to dismiss the application for lack of standing and failure to state a claim. Following a hearing, and upon finding that Miller had standing to pursue a writ of mandamus, and also concluding that, if true, the allegations in the application regarding Gonzalez's policy

---

[1] The Court thanks the District Attorneys' Association of Georgia and the group designated as, "57 Current and Former Elected Prosecutors and Attorneys General, and Former U. S. Attorneys and U. S. Department of Justice Officials in Support of Appellant/Respondent," for their insightful amici curiae briefs.

to not charge certain offenses would be a gross abuse of discretion, the trial court denied the motion. Thereafter, the trial court denied Gonzalez's request for a certificate of immediate review, and Gonzalez filed a "Confession to Judgment" (the "Confession") pursuant to OCGA § 9-12-18 (a).[2] It is from the Confession that she now appeals the trial court's denial of her motion to dismiss.[3] On appeal, Gonzalez contends that the trial court erred in finding that Miller had standing to bring the mandamus action, and also sets forth several other procedural and substantive arguments challenging the trial court's denial of her motion to dismiss the mandamus petition.

"The grant or denial of mandamus relief . . . lies largely in the discretion of the presiding judge. This Court will not interfere with a trial court's decision granting mandamus relief absent a showing that the court manifestly abused its discretion."

---

[2] "Either party has a right to confess judgment without the consent of his adversary and to appeal from such confession without reserving the right to do so in cases where an appeal is allowed by law." OCGA § 9-12-18 (a).

[3] This case was transferred from the Supreme Court of Georgia upon its determination that the issues presented on appeal were not within the Court's subject matter jurisdiction. See *Gonzalez v. Miller*, Case No. S23A0994 (decided July 25, 2023).

(Citations and punctuation omitted.) *Burke County v. Askin*, 294 Ga. 634, 637 (2) (755 SE2d 747) (2014).[4]

The facts as alleged in the mandamus petition demonstrate that Gonzalez commenced her role as district attorney on January 1, 2021. At that time, Gonzalez issued a public memorandum entitled "Fairness and Equity in the Western Judicial Circuit District Attorney Office" in which she detailed certain policies, including changes in the charging of simple possession of marijuana cases (the "January Memo"). Gonzalez advised that the district attorney's office would no longer charge certain offenses including, simple possession of marijuana offenses, simple possession of user-quantities of drugs other than marijuana, or possession of "drug-related object[s]." Gonzalez subsequently issued an updated memorandum on February 8, 2022, in which the policies regarding the charging of marijuana cases were removed and instead included the directive, in pertinent part, that the office "will not charge

---

[4] Where the trial court reviews an official's "exercise of discretion . . . the correct standard of review on appeal with respect to the mandamus order [is] whether there is any evidence supporting the decision of the local [official], not whether there is any evidence supporting the decision of the superior court." (Citation and punctuation omitted.) *Burke County v. Askin*, 294 at 637 (2), n. 4.

simple possession of user-quantities of drugs for the primary goal of attaining a conviction for said offenses or for recommending imprisonment."

Miller thereafter filed the subject application for writ of mandamus, as amended, asserting that Gonzalez

> has been unwilling to perform her statutory duties. On day one of taking office, [Gonzalez] announced her refusal to prosecute all crimes committed in violation of a clear statutory duty[]and her oath of office[.] Beyond her intentional refusal to perform her statutory duties, [Gonzalez] has taken numerous actions which amount to gross abuses of discretion. [Gonzalez's] refusal to perform her duties has led to (a) insufficient staffing of her office, (b) her hiring of under-qualified and/or ethically suspect assistant district attorneys – resulting in failures to timely review and appropriately indict, accuse, transfer, or dismiss cases, failures to competently try violent felonies, and a mistrial in a rape case for willful prosecutorial misconduct, (c) her failure to convene enough sessions of grand juries and/or appear before grand juries; (d) approximately one hundred fifty (150) cases about to be dismissed for failure to prosecute; and, perhaps more importantly, (e) failure to properly assist victims of serious crimes. The Court should issue a writ of mandamus to compel [Gonzalez] to perform her duties of office prescribed by OCGA § 15-18-6.

Miller's prayer for relief requested that Gonzalez be required to "comply with her statutory duties under OCGA § 15-18-6 and that if she fails to comply with the trial court's order, she be held in contempt of court."

In her subsequently filed motion to dismiss the application, Gonzalez maintained that pursuant to OCGA § 9-11-12 (b) (1), the trial court did not have subject matter jurisdiction over matters regarding her professional competence, and that Miller did not have standing to pursue the mandamus action because he was seeking to enforce a public right rather than a private right in which he had a special interest. Gonzalez also asserted that the application should be dismissed on the merits because Miller had failed to state a claim pursuant in OCGA § 9-11-12 (b) (6) in that the mandamus action sought to improperly compel performance of a general course of conduct and continuous duties rather than a specific act.

At the hearing on the motion to dismiss, Miller argued, among other things, that Gonzalez's January Memo reflecting her directive that no simple possession or truancy cases would be prosecuted was an "intentional and willful disregard of a duty to prosecute a certain category of crime," rather than a discretionary act of declining to prosecute an individual crime. According to Miller, while he admittedly did not

have standing to assert that Gonzalez should prosecute a particular person for a particular crime, he had standing to challenge the directive based on the public right under OCGA § 15-18-6 requiring a district attorney to "prosecute all indictable offenses."[5] Moreover, he asserted that such a directive manifested a "gross abuse of discretion."

In response, Gonzalez pointed out that the January Memo had been updated the following year to remove the possession language at issue, but that, even so, the January Memo had not outright banned the prosecution of marijuana possession or truancy, but instead reflected that the right to prosecute those categories of cases was reserved at her discretion rather than absolute.

Following the hearing, the trial court denied the motion to dismiss, concluding that Miller had standing as a citizen to bring an action to enforce a public right, and that a policy to not enforce duly enacted laws is a dereliction of duty and that "if [Gonzalez] has adopted such a policy, she has grossly abused her discretion."

---

[5] OCGA § 15-18-6 (5) provides, in pertinent part, that the duties of district attorneys include, "to draw up all indictments or presentments, when requested by the grand jury, and to prosecute all indictable offenses."

In response to the trial court's subsequent denial of her request for a certificate of immediate review, Gonzalez filed the Confession pursuant to OCGA § 9-12-18 (a) in which she

> confess[ed] to the judgment being entered granting the relief sought in the First Amended Application for Writ of Mandamus that a writ of mandamus be issued "requiring [Gonzalez] to comply with her statutory duties under OCGA § 15-18-6." Other than as expressly admitted in her Answer or First Amended Answer, [Gonzalez] does not admit any factual allegation or legal conclusion of the First Amended Application for Writ of Mandamus.

(Footnote omitted.) Gonzalez then filed a notice appeal from the Confession.

1. First, as always, "[i]t is incumbent upon this Court to inquire into its own jurisdiction." (Citation and punctuation omitted.) *Ledford v. Mobley*, 321 Ga. App. 761, 761 (743 SE2d 461) (2013). OCGA § 9-12-18 (a) establishes the right "to appeal from such confession without reserving the right to do so in cases where an appeal is allowed by law."[6]

---

[6] Because the confession of judgment has primarily been used in circumstances of a monetary judgment, it is unclear – and, given the circumstances in this case, we need not determine – whether Gonzalez's Confession is, in effect, an appealable judgment, or whether the trial court must enter a judgment therefrom. See *Information Buying Co. v. Miller*, 173 Ga. 786, 791 (161 SE 617) (1931) (finding that "[a] confession

In her Confession, Gonzalez "[c]onfessed to judgment being entered granting the relief sought [in the petition]. . . [and] that a writ of mandamus be issued" requiring her to comply with her statutory duties, but Gonzalez refused to "admit any factual allegation or legal conclusion" included in the petition. Thus, although seeming to confess to the judgment, and in effect the issuance of a writ of mandamus,

of judgment is the substitute for a verdict;" that "[a] judgment must be regularly entered upon a confession of judgment, and that *[t]he confession itself is not the judgment of the court*") (emphasis supplied); *Whitley v. Southern Wholesale Corp.*, 45 Ga. App. 445 (164 SE 903) (1932) ("The confession amounts to no more than an admission . . ., and an agreement that judgment shall be taken thereon when it can properly be rendered.") See also *Thomas v. Bloodworth*, 44 Ga. App. 44, 46 (160 SE 709) (1931) (noting that "[t]he expression 'confession of judgment,' as contained in the code section, has reference to the act of the defendant whereby he admits or confesses the right of the plaintiff to take a judgment against him, *and not to the entering up, or rendition of, the judgment itself which is rendered upon the defendant's confession of judgment*") (emphasis supplied). Cf. *Wade v. Combined Mutual Casualty Co.*, 201 Ga. 318, 321 (4) (39 SE2d 681) (1946) (addressing refusal by justice of the peace to accept confession of judgment and file an appeal to a jury in the superior court, and noting that "[t]here is no law requiring a justice [of the peace] to enter up a formal judgment on a confession of judgment before the right of appeal would accrue"); *Huff v. Whitner, Manry Co.*, 8 Ga. App. 25, 26 (68 SE 463) (1910) (reviewing dismissal of appeal from a confession of judgment in a [justice of the peace] court based on the superior court's conclusion that "the confession of judgment is not a judgment of the court, from which an appeal could have been entered," and finding that "[OCGA § 9-12-18] expressly provides that an appeal can be entered from a confession of judgment. There is no law requiring a justice [of the peace] to enter up a formal judgment on a confession of judgment before the right of appeal would accrue. In fact it is well settled, that an appeal by consent may be entered without any judgment whatever; and this is the general practice").

Gonzalez instead qualifies and narrows the Confession to the extent that the judgment is meaningless, as it provides no factual basis for the issuance of the writ of mandamus. Our Supreme Court of Georgia has found a confession of judgment defective when the terms of the judgment are not agreed upon by the parties, or which requires that "something else [be] done, or some further understanding." *Lea v. Yates*, ]40 Ga. 56, 59 (1869). In *Yates*, the Supreme Court found invalid a confession of judgment that left the sum of the debt blank, and concluded that given the defect, "there was nothing to sustain the judgment." Id.

In that same vein, we cannot say that the Confession at issue, in which Gonzalez expressly declines to admit to the material factual and legal assertions in Miller's mandamus petition is, in effect, a valid confession of judgment pursuant to OCGA § 9-12-18 (a). Gonzalez has not cited to any authority which permits the tailoring of a confession of judgment in such a manner, and we have found none. Thus, as the Confession is defective, it cannot provide a basis for an appeal under OCGA § 9-12-18 (a) or the subsequent exercise of this Court's jurisdiction. See *Fein v. Chenault*, 330 Ga. App. 222, 227 (767 SE2d 766) (2014) ("A necessary prerequisite for a direct

appeal is that the judgment or order appealed from be . . . otherwise appealable.").

Thus, the appeal is dismissed.

2. Given this disposition, we need not consider Gonzalez's remaining enumerations of error.

*Appeal dismissed. Gobeil and Pipkin, JJ., concur.*