# Court of Appeals
# of the State of Georgia

ATLANTA,  April 22, 2025

*The Court of Appeals hereby passes the following order:*

## A25A1453. NITA PARHAM v. PREMIER HOME SOLUTIONS, LLC.

Premier Home Solutions, LLC, filed a breach of contract claim against Nita Parham in magistrate court, and Parham filed counterclaims for unjust enrichment, declaratory judgment, and violations of the Fair Business Practices Act. After the case was transferred to superior court, Parham filed a "Confession of Judgment" ("the Confession") pursuant to OCGA § 9-12-18 (a), in which she simply confessed to judgment without specifying any details or amount of the judgment. Parham then filed this appeal from the Confession. We lack jurisdiction.

OCGA § 9-12-18 (a) provides that "[e]ither party has a right to confess judgment without the consent of his adversary and to appeal from such confession without reserving the right to do so in cases where an appeal is allowed by law." However, a defective confession of judgment cannot provide a basis for an appeal under OCGA § 9-12-18 (a).[1] *Gonzalez v. Miller*, 372 Ga. App. 264, 268 (1) (903 SE2d

---

[1] This Court has observed that it is unclear whether a proper confession of judgment is an appealable judgment or whether the trial court must enter a judgment therefrom before an appeal may be taken. See *Gonzalez v. Miller*, 372 Ga. App. 264, 267 n. 6 (1) (903 SE2d 920) (2024); compare *Information Buying Co v. Miller*, 173 Ga. 786, 791 (161 SE 617) (1931) ("A confession of judgment is the substitute for a verdict. . . . [A] judgment must be regularly entered upon a confession of judgment. The confession itself is not the judgment of the court."), with *Huff v. Whitner, Manry & Co.*, 8 Ga. App. 25, 26 (68 SE 463) (1910) ("[OCGA § 9-12-18 (a) expressly provides that an appeal can be entered from a confession of judgment. There is no law requiring a justice to enter up a formal judgment on a confession of judgment before the right

920) (2024). The Supreme Court of Georgia has found a confession of judgment defective when the terms of the judgment are not agreed upon by the parties, or when the confession requires that "something else [be] done, or some further understanding." *Lea v. Yates*, 40 Ga. 56, 59 (1869). In *Lea*, the Supreme Court deemed invalid a confession of judgment that left the sum of the debt blank, and concluded that given the defect, "there was nothing to sustain the judgment." Id. In *Gonzalez*, this Court deemed invalid a confession of judgment that acquiesced to the relief sought in a mandamus petition but declined to admit the material factual and legal assertions in the petition. 372 Ga. App. at 268 (1). The Confession here does not specify whether it applies to both Premier Home Solutions' claim and Parham's counterclaims, nor does it specify any total monetary amount that Premier Home Solutions shall recover from Parham. Accordingly, we conclude that the Confession was defective and cannot provide a basis for an appeal, and this appeal is hereby DISMISSED. See *Lea*, 40 Ga. at 59; *Gonzalez*, 372 Ga. App. at 268 (1).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,___04/22/2025_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

of appeal would accrue. In fact it is well settled, that an appeal by consent may be entered without any judgment whatever; and this is the general practice."). However, because we conclude that the Confession here was defective, we need not resolve this tension in the case law. See *Gonzalez*, 372 Ga. App. at 267 n. 6 (1).