No. 26.—DREWERY C. JACKSON, plaintiff in error, vs. JAMES STEWART et. al. defendants.

[1.] In divorce cases, the property set forth in the schedule filed at the commencement of the suit, does not vest, on the finding of the Jury in favor of the libellant, in the issue of the marriage, absolutely and unconditionally.

[2.] The creditors, if any, have the first claim on the property.

[3.] The Jury have a discretion to award a part of the property to each or both of the parties. The term " either," used in the Statute, may mean " each" or " both."

[4.] A verdict by consent, is not necessarily vicious. It is not void because· it is not necessarily fraudulent.

[5.] To impeach it, there must be sufficient allegations showing that the party complaining has been injured, or that he has opposing rights that cannot be concluded by it. A general charge of fraud, with allegations, is not sufficient.

In Equity, in Sumter Superior Court. Decided by Judge Allen, March Term, 1856.

This was a bill filed by Drewery C. Jackson against James Stewart, Turner M. Jackson and Shady A. M. Jackson, alleging that a libel for divorce was commenced by the said. Turner M. against the said Shady A. M. Jackson, his wife, (complainant being their only child,) returnable to the November Term of Sumter Superior Court, at which time the

Jackson *vs.* Stewart *et al.*

said Turner M. filed a schedule of his property, consisting of a large number of negroes and other property, and then valued at $6616 50; that at November Term, 1846, the Jury decreed a total divorce, and again at May Term, 1847; that the first Jury made the following decree, in reference to the property: " The Jury decree that the defendant receive from the plaintiff the sum of three hundred and twenty-five dollars, and the child receive the sum of eleven hundred dollars, and the balance of the property to the plaintiff. November Term, 1846. (Signed,) ZERO B. HAYSLIP, Foreman."

The second Jury decreed as follows:

" We, the Jury, find and decree in relation to the property involved in this case, that instead of the sum of three hundred and twenty-five, decreed by the former Jury to defendant (she) shall receive from plaintiff two negroes mentioned in schedule, to-wit: Silva, a girl now about seven years old, and Seaborn, a boy about six years old, with the limitation that the title to said negroes shall vest in Drewery C. Jackson, the infant child of the parties, after the decease of defendant, provided he be then in life; and we further decree to defendant, one hundred and eighty dollars, and that all the balance of the property remain and belong to plaintiff; and we decree the cost to plaintiff. 22d May, 1847.
(Signed,) GEORGE R. HARPER, Foreman."

The bill charges that at the time of the application for divorce, complainant was about 12, and that he is now about 23 years old; that he had no guardian or other person to represent his interests whilst said action was pending; and that by the laws of Georgia, the title to the whole of the property mentioned in said schedule vested in him, as soon as a divorce was decreed between his father and mother, by the rendering of said last mentioned verdict; that he was "kept in the dark," as to his rights in the premises, until May, 1855, and that he did not know until then that he was enti-

tled to said property. The bill further charges, that said last mentioned verdict, distributing said property was in fraud of complainant's rights, being the result of an agreement between the parties to the divorce, and rendered by the Jury in accordance with said agreement, irrespective of complainant's legal rights.

The bill charges, that in the latter part of 1848, and again in 1852, one James Stewart, well knowing all the foregoing facts and combining with the said Turner M. Jackson to defraud complainant of his rights, purchased from the said Turner M. a large number of the negroes mentioned in said schedule, worth, together with their hire up to the filing of the bill, some $16.400.

The bill, after alleging that complainant has no way of proving the facts charged but by resorting to the consciences of defendants, prays that they be made to answer; and that upon the hearing of the case, the verdict of the Jury in said divorce case, distributing said property, be set aside and the said Stewart be made to account for said negroes and their hire.

At the March Term, 1856, of Sumter Superior Court, defendants demurred to the bill, on the following grounds:

1st. A judgment of a Court of competent jurisdiction cannot be attacked and set aside, collaterally, but by proceedings instituted for that purpose.

2d. The verdict of divorce was void as to the defendants.

3d. The verdict was in conformity to law.

4th. The bill fails to show that a schedule was filed in the case of libel for divorce.

5th. That the verdicts of the Jury were legitimate and binding, and cannot be set aside directly for fraud, though rendered in accordance with an agreement entered into by the parties to the libel.

6th. The bill fails to show that the property in the schedule did not go in payment of libellant's debts.

7th There is no equity in the bill.

The Court sustained the demurrer on the last ground, and

dismissed the bill.   Complainant's Counsel excepted and assigns the ruling of the Court as error.

WILLIAM D. ELAM; WARREN & WARREN, for plaintiff in error.

McCAY & HAWKINS, for defendants.

*By the Court.*—McDONALD, J. delivering  the opinion.

The record shows an agreement between Counsel, which sets forth facts which do not appear in the bill of exceptions, viz : that the complaint in the libel for divorce was adultery after marriage ; that the schedule showed a considerable amount of debts ; that there was no entry of " filed in office," indorsed on the schedule.   It formed a part of the libel, and the  name and age of the plaintiff to this suit was set forth in the libel.   The bill was demurred to for want of equity, as well as on other special grounds.   The Court sustained the demurrer on the  former ground, and for the  want of  proper parties.

[1.] The decision is excepted to, so far as it sustained the demurrer for the want of equity, and that exception constitutes the sole ground of error.

The complainant is the only child of the parties.

He claims that, by the laws of this State, on the separation of his parents, or when the final verdict in the divorce case was rendered, all the property set forth in the schedule filed at the time of exhibiting the libel for divorce, vested absolutely in him.   The complaint is of fraud against this legal, vested right and title.   There is no other set up.   What is the law ?   At the time of the application for a divorce, the party applying shall render a schedule of the property on oath.   *After all just debts are paid,* it shall be subject to a division or equal distribution between the children of the parties, *except* the Jury before whom the case is tried shall think proper to allow either party a part thereof.

[2.] The creditors have the first claim on the property when the verdict shall be for a divorce. The property, for that reason, could not vest in the complainant, on the finding of the Jury that sufficient proofs had been submitted to authorize a total divorce. The record shows that " there was a considerable amount of debts." The bill does not show that they have been paid, nor that the property was not sold to pay them.

[3.] The Jury in this case has awarded a portion of the property to each of the parties, and made some provision for complainant. The Statute, in the view we have taken of it, authorizes such a verdict.

The term "either," may mean "each" or "both," and the Jury may give by their verdict to each or both a part of the property. In the case of awarding a conditional divorce, a separate maintenance and support must be provided for the wife, although she may be the guilty cause of the evil. There is no reason for excluding her in the other case. The property embraced in the schedule did not vest in the complainant, therefore, as contended by him, on the rendering of the verdict.

He next insists, that the verdict of the Jury distributing the property was agreed on between the parties to the divorce, and was in fraud of his legal rights. That is, that he was entitled to all the property, whereas the Jury gave both his parents a part. His charges of fraud are made in reference to his claim of the entire property. If he had been entitled to all, it was a fraud upon him, unrepresented as he was. But there is no charge of fraud, based upon the hypothesis that the parties to the divorce might *both* have a portion of the property awarded to them ; and that there were creditors who had a better title than complainant. The claim, as set up by complainant, excludes the rights of creditor or parties.

[4.] That the verdict was agreed upon, does not necessarily vitiate it. A judgment upon such a verdict is not conclusive of any matter except between the parties to it. It is not void, because it is not necessarily fraudulent.

[5.] If a person's rights, who was not a party to it, are

Jackson *vs.* Stewart *et al.*

affected by it, he may have them adjusted, notwithstanding the judgment; but he must do it upon sufficient allegations, showing that he has been injured, or that he has opposing rights that cannot be concluded by it. The complainant's rights in this case depended on their verdict, and there is no complaint that he does not enjoy all the rights given to him by the verdict. But he insists that the verdict does him injustice, and yet assigns no reason except that it does not give him all the property. He assigns no reason why the distribution is unjust, if the Jury had the right to make it. It gives his mother a life estate in two young negroes, and gives him the remainder in the same negroes. It gives his father the balance of the negroes, and he is liable for all the debts, and he does not complain that that is too liberal an allowance with that incumbrance.

It is unnecessary to go into the inquiry of the charges in the bill as to Stewart, who made his first purchase eighteen months after the verdict on the final trial, and who paid a full consideration for the property he bought; at least, it is not controverted by the bill. It does not appear from the allegations in the bill, that he had notice of a greater fraud than the Court had, who allowed the verdict to be taken by consent. Nor is it necessary to inquire whether a purchaser of property, the title to which is secured by a consent decree, in which no fraud appears on the face of the proceedings, is to be distributed by mere allegations that a consent verdict was allowed by the Court in fraud of his rights, without specifying the fraud.

Judgment affirmed.