HENRY CLEWS & COMPANY *et al.*, plaintiffs in error, *vs.* THE FIRST MORTGAGE BONDHOLDERS *et al.*, defendants in error.

1. In the case of a creditors' bill to marshal the assets of an insolvent railroad company, there had been a receiver appointed ; the claims of all the parties had been referred to a master who had made a report, fixing the amount, character and liens of the several claimants upon the fund, and this report had been excepted to, and each claim had been considered and passed upon by the jury, or by consent by the judge without a jury, and a judgment taken fixing the amount, character and lien upon the fund of each, and thereupon there had been a decree taken, by consent of all parties, for the sale of the road, and that the proceeds should be brought into court and be distributed according to the liens fixed by the decree, reserving the rights of certain parties, where claims were yet unsettled, and the road was sold, and at the next term of the court, the court passed a final decree, holding up so much of the proceeds as was necessary to pay the claimants then before the court the amount and lien of whose claims were yet unsettled, and ordering the remainder of the fund to be paid out by commissioners, according to the consent decree, and barring all others :
*Held*, that such a final decree was right and proper under the facts of the case ; that it needed no intervention of a jury, and was only the final judgment of the court to carry into effect through ministerial officers the previous decree, taken by consent of all parties.

2. A decree by a court of record purporting upon its face to be taken by consent of all parties to the record, has the verity of a record as to the recital of the consent, and is not to be controverted except for fraud, accident or mistake, and then only on a proceeding directly to set it aside.

Equity. Decree. Evidence. Record. Before Judge SCHLEY. Glynn Superior Court. November Term, 1873.

To report this case would simply be to repeat the facts recited in the above head-note.

The decree objected to was proposed to be taken by the counsel for the first mortgage bondholders of the Brunswick and Albany Railroad Company and certain other preferred claims. It was resisted by counsel for Henry Clews & Company and the general creditors, upon the grounds that it was illegal, that it could not be passed without the intervention of a jury, and that the case was not ripe for judgment. The objections were overruled, and Henry Clews & Company *et al.*, excepted.

DANIEL S. PRINTUP; J. C. NICHOLS; A. J. SMITH; W. M. SESSIONS, for plaintiffs in error.

O. A. LOCHRANE; A. O. BACON, for defendants.

McCAY, Judge.

1. We see no good objection to the final judgment complained of. All the issues save those expressly excepted in the judgment, had either been passed upon by a jury or by the judge, by consent, without a jury. A final *decree* had been taken by consent, the road sold, and the fund in court. The mere division of the money according to the judgments was a ministerial duty. It consisted simply in calculations, additions, etc., and inspection of papers and amounts. The statute requires the court, the judge, to sign the final decrees or judgments in equity. They are the judgments of the court on the findings of the jury, or other agreed tribunals, and in this case the judge has only performed that act and enter-

ed a judgment in accordance with the previous consent decree. It has ever been the practice in chancery proceedings to pay out money as fast as it can be done. It is contrary to public policy to keep it on hand whenever it can be paid out with safety to the claimants. In this case a full reserve was kept back to pay any parties before the court whose rights were yet unsettled. We think Clews & Company's rights fully protected as far as they in fact exist. The claim to put in these coupons prior to the other bonds we think preposterous. Our statute applying judgments first to interest is simply a rule for the application of payments, and has nothing to do with the case of one holding a bond and the other a coupon upon it. They both stand on the same footing. As to the objection that this fund ought to be kept in hand until other claimants come in, we are not disposed to interfere. It was a matter for the judge to determine in his discretion. A creditors' bill is a *quasi* proceeding *in rem.* Reasonable time ought to be afforded. In a matter so public as this, the insolvency of a railroad company, involving as this did issues of great notoriety and importance, as proclamations by the governor and investigating committees by the legislature, we think plenty of time was given.

2. A recital is a decree put upon the records, is a record, and imports verity. It is of higher dignity even than a writing, and we are clear that any such recital binds the parties. It is conclusively presumed that the court had whatever evidence of consent the law requires, and it can only be attacked as any other judgment.

Judgment affirmed.