## DRIVER *v.* WOOD *et al.*

A decree rendered in accordance with a consent verdict, though it may not be valid as a judgment of the court, will, in the absence of fraud, accident, or mistake, be operative as an agreement binding upon all the parties thereto.

Argued November 12, —Decided December 11, 1901.

Complaint for land.    Before Judge Janes.    Haralson superior court.    July 23, 1901.

*Edwards & Ault* and *W. F. Brown,* for plaintiff.    *C. P. Gordon, R. D. Jackson, S. L. Craven,* and *Lloyd Thomas,* for defendants.

FISH, J.    This was complaint for land, brought by Jesse Driver against Richard Wood and W. C. Adamson, to recover the south quarter of the east half of lot of land 159 in the 7th district of Haralson county.    From the evidence submitted on the trial by the plaintiff, it appeared that on December 19, 1884, Jacob Driver conveyed to the plaintiff the east half of this lot of land; that in January, 1889, Nancy A. Driver brought an equitable petition against Jacob Driver (her husband), Jesse Driver, and John W. Driver, in which she prayed for permanent alimony out of her husband's estate, including lot of land 159 in the 7th district of Haralson county, and for the cancellation of the deed from Jacob Driver to Jesse Driver to the east half of this lot, and of a deed, executed upon the same date, from her husband to John W. Driver to the west half of this lot, upon the ground that these deeds were made for the purpose of defrauding her out of her alimony in the land, and that the grantees in such deeds were parties to the fraud.    It appeared further that all the defendants answered her petition, and that upon the trial of the alimony case the jury found the follow-

ing verdict: "We the jury find and decree for the plaintiff one fourth of lot number one hundred and fifty nine (159) in the seventh (7) dist. and (5) section, it being a strip across the south side of said lot wide enough to make one fourth of the whole lot, and decree title in plff., also the southeast fifty acres of lot of land no. (155) one hundred and fifty-five in the same district, in full of her allowance for permanent alimony. Let the defts. pay the costs, except plffs. witnesses." A decree was duly rendered by the judge upon this verdict, decreeing that title to the land described in the verdict "vest in [Mrs. Driver] in full satisfaction of her permanent alimony." Upon the trial of the present case, Price Edwards, Esq., a witness for the plaintiff, testified: "That he and McBride were counsel for the defendants in the suit of Nancy A. Driver for alimony; that at the time the verdict was agreed on in that case he does not remember that McBride was present at the conference with counsel on the other side as to the settlement of the same; that the verdict rendered therein was in accordance with their agreement, he supposes, but he does not remember that anything was said about any distinction between an ordinary verdict and decree for permanent alimony in real estate and an absolute title; that at that time his attention had not been called to the legal effect a decree for permanent alimony had on the title to property set apart as permanent alimony." Jesse Driver, the plaintiff, testified, in his own behalf, that he was present at the trial when the verdict was rendered, and that two or three months after the verdict the sheriff and surveyor ran off fifty acres on the south side of lot 159, and the sheriff, by virtue of a writ of possession, put Mrs. Nancy A. Driver in possession of the same, and that she died in May or June, 1899. In the abstract of title attached to the plaintiff's petition was a deed from Nancy A. Driver to W. C. Adamson, one of the defendants, conveying the land in dispute, dated December 19, 1894, and an allegation that "Richard Wood is the tenant of W. C. Adamson," which was admitted by the defendants. Adamson testified that he claimed title under Jacob Driver, by virtue of the verdict and decree heretofore mentioned, and the deed to him by Nancy A. Driver. W. C. Adamson and S. L. Craven, in behalf of the defendants, testified, in substance, that they represented Mrs. Driver in the suit for alimony, that the verdict and decree in the suit were the result of a compromise and

settlement between the parties to the litigation, and that it was distinctly understood that Mrs. Driver was to have absolute title to the land mentioned in the verdict and decree, and not a mere life-estate. This testimony was admitted by the court over the objection of the plaintiff "on the ground that it was incompetent and illegal to show anything that was said at the time the verdict was agreed on, as it had been reduced to writing and was the highest and best evidence of what it contained and of what it meant; and on the ground that the verdict should be construed in the light of the pleadings, and not by parol testimony; and on the further ground that there was no ambiguity in the verdict, and if there was, it could not be corrected by extraneous evidence." The court directed a verdict for the defendants, and the plaintiff excepted, assigning error upon the admission of the testimony of Adamson and Craven, and upon the direction of the verdict by the court.

In the view which we take of the case, it is unnecessary to decide whether or not the court erred in admitting the testimony objected to by the plaintiff. It clearly appears from the testimony submitted in behalf of the plaintiff that the verdict and decree in the suit for alimony were rendered by consent of all parties to such suit, and that the plaintiff here was one of those parties. Although that verdict and decree, in so far as they sought to vest an absolute title, instead of a mere life-estate, in the land in question in Mrs. Driver, were void, because this was entirely outside of the issues in that case made by the pleadings, and because, under the law of this State, the court was without authority, in a suit for alimony, to decree absolute title to the wife in property of the husband, yet we are clearly of opinion that, in the absence of fraud, accident, or mistake, such consent verdict and decree operated as an agreement, binding upon all the parties thereto (*Kidd* v. *Huff*, 105 *Ga.* 209), and that Mrs. Driver thereby obtained an equitable title to the land, as against all the defendants to the suit; especially so when such agreement was executed by putting her in possession of the land, in pursuance of the agreement. In view of the established fact that this verdict was rendered by the consent of all the parties to the case and was the result of a settlement of the litigation agreed upon by all of them, there is no ambiguity whatever in it, upon the question whether Mrs. Driver took a life-estate or an absolute title in the land now in controversy. The

words, "and decree title in the plaintiff," contained in the verdict, in and of themselves, are not ambiguous, but import a title in fee. These words would have been wholly unnecessary and legally out of place in an ordinary verdict rendered, in this State, in a suit for permanent alimony, and their insertion in this verdict unmistakably indicates a purpose to give the plaintiff an absolute title, instead of a mere life-estate. When the fact was established, by testimony introduced by the plaintiff, that this verdict was agreed upon by all the parties to the suit, after a conference between them for the purpose of settling the litigation, the reason for the presence, and the purpose, of these words in a verdict rendered in such a case clearly and unmistakably appeared. Therefore, in the present case, whether the court was right or wrong in admitting the testimony objected to by the plaintiff is wholly immaterial. The defendants did not need this testimony, and the plaintiff was not hurt by it. As, relatively to the plaintiff, Mrs. Driver had a good equitable title in fee to the land in dispute, and she conveyed all her interest to Adamson, the evidence demanded a verdict in favor of the defendants, and the court did not err in so directing.

*Judgment affirmed. All the Justices concurring.*