SIKES *v.* HART *el al.; el vice versa.*

BECK, P. J.   The evidence in this case required the finding that under the contract between the parties, in accordance with which a certain rent note in controversy was delivered to one of the defendants, the note was given as liquidated damages in the event the other party to the suit (the plaintiff in error) should fail to perform his undertaking in accordance with the terms of the contract by paying off and discharging certain encumbrances; and further, that he did fail in his performance of this undertaking.   This being the case, the court did not err in directing the verdict.   *Allison* v. *Dunwody,* 100 *Ga.* 51 (28 S. E. 651).

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed.   All the Justices concur, except Gilbert, J., absent for providential cause.*

Nos. 1646, 1667.   APRIL 15, 1920.

Equitable petition.   Before Judge Eve.   Worth superior court. July 29, 1919.

*Perry & Williamson,* for plaintiff.

*Passmore & Forehand,* for defendants.

---

JONES *et al. v.* BOOTH.

BECK, P. J.   1. Under the evidence submitted no other verdict than the one directed could have been rendered.   Accordingly, the judge did not err in directing the verdict for the plaintiff.

2. There was a substantial compliance with the statute (Civil Code, § 5321) in regard to the issuance of an alias fi. fa.   *Ward* v. *Miller,* 143 *Ga.* 164 (84 S. E. 480).

*Judgment affirmed.   All the Justices concur, except Gilbert, J., absent for providential cause.*

No. 1651.   APRIL 15, 1920.

Equitable petition.   Before Judge Hardeman.   Bulloch superior court.   April 15, 1919. .

*Anderson & Jones,* for plaintiffs in error.

*Brannen & Booth,* contra.