## GLOVER *v.* GLOVER.

Under the facts of this case the court erred in ordering the defendant discharged from custody under an attachment for failure to pay certain alimony, or any portion thereof, which had been decreed to the wife and minor children of the defendant in a former proceeding for that purpose.

No. 4684. MAY 14, 1925.

Attachment for contempt; alimony. Before Judge Littlejohn. Sumter superior court. November 1, 1924.

*Len B. Guillebeau,* for plaintiff.

*R. L. Maynard,* for defendant.

HILL, J. On November 28, 1911, Mrs. Glover was granted a total divorce from Mr. Glover. There were five minor children of the parties, and by a consent decree of the court Mrs. Glover was awarded permanent alimony for the support of herself and said children. Mr. Glover failed to make any payments of permanent alimony under said decree after May 1, 1924, and in September, 1924, Mrs. Glover filed her petition in Sumter superior court to have Mr. Glover adjudged in contempt of court for failure to make payments under said decree, and to have the payments of alimony under said decree enforced by attachment for contempt of court. Mr. Glover filed an answer to the petition, denying that there was any obligation on his part to make any further payments of alimony under the decree. The case was tried before the judge, who on November 1, 1924, made an order discharging Mr. Glover, and to this judgment Mrs. Glover excepted. The record discloses that at the time the final decree in the divorce case was taken there were five minor children, and so much of the decree as is material here is as follows:

"It is further ordered, adjudged, and decreed by the court upon consent of the parties, as follows: (a) That Florrie Bell Glover, plaintiff, have the custody and control of the children of said marriage. (b) That the defendant, Robert Walter Glover, pay to the plaintiff, Florrie Bell Glover, on the first day of each month hereafter, commencing with the first day of December, 1911, the sum of ($60.00) sixty dollars, for the support and maintenance of herself and said children. (c) That as each son arrives at the age of eighteen years, or is married, and the daughter reaches the age of twenty-one years, or marries, a deduction of ($10.00) ten

dollars from said sixty dollars per month is made. (d) That if any of said sons should die before reaching the age of eighteen years, or having married, or the daughter should die before reaching the age of twenty-one years, or having married, then a deduction of $10.00, ten dollars from said sixty dollars per month is, to be made for each deceased child. (e) That until said children have reached said ages, or married, or died, as hereinbefore set out, the defendant, Robert Walter Glover, is to continue to pay to said Florrie Bell Glover, plaintiff, the said sixty dollars promptly on the first day of each month." The judgment of the trial court dated November 1, 1924, is as follows: "After further consideration of the case, it is adjudged and ordered that the defendant, Robert Walter Glover, be discharged, for the reason that the payment of the alimony, or any portion thereof, was to terminate upon the youngest child (a boy) reaching the age of eighteen, and the record discloses that such has occurred." To this judgment the plaintiff excepted.

The sole question in the present case is whether the court below correctly construed the consent decree rendered in November, 1911. The case turns upon the proper construction of paragraph (e) of the decree, which provides, "That until said children have reached said ages, or married, or died, as hereinbefore set out, the defendant, Robert Walter Glover is to pay to said Florrie Bell Glover, plaintiff, the said sixty dollars promptly on the first day of each month." The Civil Code of 1910, § 2981, provides that the jury shall, in providing permanent alimony, specify what amount the children shall be entitled to for their permanent support, and in what manner, how often, to whom, and until when, it shall be paid. In the view we take of this case the decree properly construed means that until the children have reached the ages named in the decree, or have married, or died, the plaintiff in error shall be paid the sum of sixty dollars on the first day of each month. The decree provides $10 per month each for the wife and each of the five children, which was given to her for the support of herself and her children, until the children reached a certain age, or married, or died. The decree does not expressly declare that at the expiration of that time, or the happening of the events mentioned, the alimony shall cease, and it is only by implication that the decree can be given that construction; and under our law

implications are not favored.   The decree being for the support of the wife and children, when the time arrives at which none of the children is entitled to support, we are of the opinion that the plaintiff in error is entitled to $10 per month under the decree.   In the circumstances of this case, where the alimony was for six persons, Mrs. Glover and the five children, the amount allowed by the consent decree was $60 per month, with a provision for the deduction of $10 per month upon the arrival of each child at a specified age, or of their death or marriage; it seems reasonably clear that it was the intention of the parties to this consent decree to allow $10 per month for each child and Mrs. Glover, and, as already indicated, when the children arrived at the ages specified in the decree, the decree does not expressly provide that alimony shall not be paid to Mrs. Glover after that time until her remarriage or death, as would ordinarily be the case.

In the above view we reach the conclusion that the court erred in the construction placed upon the former decree, and in discharging the respondent from custody for the reason that the payment of alimony or any portion thereof was to terminate upon the youngest child (a boy) reaching the age of eighteen years, the record disclosing that such had occurred.

*Judgment reversed.   All the Justices concur, except Gilbert, J., absent for providential cause.*