ESTES *v.* ESTES.

No. 13634.   April 18, 1941.   Rehearing denied May 16, 1941.

*William S. Shelfer,* for plaintiff in error.   *R. B. Giles,* contra.

Reid, Chief Justice. Pending a suit for divorce the parties entered into a contract providing for the payment of certain sums to the wife in settlement of her claim for alimony for support of herself and minor child. This agreement was made the judgment of the court. At a subsequent term a final verdict was rendered, granting a total divorce between the parties, and a judgment was duly entered in conformity therewith. Neither the verdict nor this final decree embodied or made reference to the agreement or former judgment in reference to alimony. The plaintiff in error sought to have the defendant in error attached for contempt for failure to make payments due under the terms of the consent judgment. Citation issued, and on the hearing the judge ordered dismissal of this action, upon the ground that the defendant in error could not, "as a matter of law, be adjudged in contempt for fail-

ure to comply with the decree dated August 8, 1934, since said consent decree was not incorporated and made a part of the second total divorce verdict and the decree of total divorce passed on October 8, 1934." Exceptions are taken to this order. This is not an instance where the judge, in the exercise of the discretion vested in him in such cases, has declined to adjudge the husband in contempt for failure to pay alimony. He simply ruled, as a matter of law, that the consent judgment was not one which could be enforced by an attachment for contempt. The specific reason assigned for this conclusion was that the judgment was not embodied in the final verdict and decree of divorce. We do not know upon what theory or principle the judge assigned controlling significance, as respects the power of the court to enforce the judgment by attachment for contempt, to the fact that it was not embodied in the final verdict and decree of divorce. The theory of counsel for the defendant in error on this point appears to be, if we understand his argument, simply that the Code, §§ 30-207, 30-209, provides that in a divorce case the jury may award alimony to the wife for herself and minor children in the final verdict of divorce; and that even though provision for alimony be fixed by agreement of the parties, in order to obtain a judgment thereon which would be a valid one for alimony, and as such enforceable by attachment for contempt, the same procedure must be followed as if the matter of alimony had actually been left to the determination of the jury, as provided for in the Code, §§ 30-207, 30-209; that is to say, the agreement must be embodied in the final verdict of the jury and the final judgment rendered thereon. In other words, counsel's argument is in effect that the only judgment for alimony as such, as distinguished from a mere money judgment that may be rendered in connection with an action for divorce, is that rendered upon the final verdict of the jury containing such provision, whether by consent or otherwise, and that a consent judgment rendered before the final verdict and decree and not incorporated therein has only the force and effect of an ordinary money judgment enforceable merely by execution.

We do not agree, and are of the opinion that the judgment should be reversed. It will be found well settled in the authorities, and for that matter not disputed by counsel, that a husband and wife may legally contract in settlement of the wife's claim for alimony, and

that the court has ample power to enter a judgment in the terms of such an agreement. See 17 Am. Jur. 476; 2 Schouler on Marriage, Divorce, etc. (6th ed.), § 1810; 31 Am. Jur. 105-106, §§ 458, 460; 34 C. J. 130, § 332; 34 C. J. 133, § 337; 3 Freeman on Judgments, §§ 1344, 1350. Consent judgments, including those for alimony, have been uniformly recognized in this State, and have been given the same force and effect as judgments rendered in due course of litigation upon findings by a jury. See *Coffee* v. *Coffee,* 101 *Ga.* 787 (28 S. E. 977); *Goolsby* v. *Goolsby,* 146 *Ga.* 763 (92 S. E. 521); *Glover* v. *Glover,* 160 *Ga.* 422 (128 S. E. 179); *Marietta Chair Co.* v. *Henderson,* 121 *Ga.* 399; (49 S. E. 312, 104 Am. St. R. 156, 2 Ann. Cas. 83); *Henry Clews & Co.* v. *First Mortgage Bondholders,* 51 *Ga.* 131; *McDowell* v. *Sutlive,* 78 *Ga.* 142 (2 S. E. 937); *Hollenbeck* v. *Glover,* 128 *Ga.* 52 (57 S. E. 108); *Gray* v. *Wright,* 123 *Ga.* 295 (51 S. E. 373); *Adkins* v. *Bryant,* 133 *Ga.* 465 (66 S. E. 21, 134 Am. St. R. 211); *Jackson* v. *Stewart,* 20 *Ga.* 120; *Remley* v. *DeWall,* 41 *Ga.* 466. "It is no objection to a decree, that it was rendered by consent." *Hardwick* v. *Hook,* 8 *Ga.* 354. It is not open to question in this State that a valid judgment for alimony may be enforced by attachment for contempt as well as by the usual process of execution. *Carlton* v. *Carlton,* 44 *Ga.* 216; *Lewis* v. *Lewis,* 80 *Ga.* 706 (6 S. E. 918, 12 Am. St. R. 281); *Allen* v. *Baker,* 188 *Ga.* 696 (4 S. E. 2d, 642), and cit. An alimony judgment in its usual and accepted form not only adjudges that the husband is liable for the continued support of his wife, and the amount of such support, but, unlike ordinary judgments for money, goes further and expressly commands the husband to pay said sums to the wife. See 2 Schouler on Marriage, Divorce, etc., § 1835; 2 Bishop on Marriage, Divorce, etc., § 1715; McIntyre's Georgia Forms, 844. Cf. Code, § 30-117. Accordingly, a failure to pay the amounts fixed by such judgment is not a mere omission to pay sums adjudicated to be due, but constitutes a violation of the express order of the court that the defendant pay said sums to the wife, which constitutes the contempt. Although the judgment is in fact for the recovery of money, the process of attachment is allowed on the theory that it is not for the enforcement of a mere debt but of a continuing duty of the husband to support his wife, in which society has a substantial interest. *Lewis* v. *Lewis,* supra. All of this is as applicable to a judgment rendered in an action

for alimony by consent as to a judgment rendered in such action on actual findings by a jury, and in respect to this general power of the court to enforce a judgment for alimony by attachment for contempt there is, in our opinion, no distinction to be drawn between such judgments. No case has been cited, and we have found none in this jurisdiction, that would support the view that a judgment otherwise enforceable by attachment for contempt could not be so enforced, because based on the consent of the parties. Many cases are to be found in the books wherein it appears that attachments for contempt were in fact predicated on consent judgments and decrees. *Remley* v. *DeWall,* 41 *Ga.* 466; *Glover* v. *Glover,* supra; *Jagoe* v. *Jagoe,* 183 *Ga.* 273 (187 S. E. 874). The last two cases involved consent judgments for alimony. The judge himself apparently does not entertain a contrary view to that expressed. If the agreement of the parties fixing alimony had been embodied in the final verdict and judgment, which according to the order should have been done, the judgment so rendered would have been one no less founded on the consent of the parties than the judgment in question, and yet the language of the order clearly indicates that the judge was of the opinion that such judgment could have been enforced by attachment for contempt.

Since the parties can by agreement legally settle the claim for alimony, and the court has the power to render a valid judgment thereon, we can not see that it makes any material difference that the same processes which would have obtained had the matter actually been left to the jury were not followed; that is, that the provision for alimony fixed by the agreement was not embodied in the final verdict and decree. A contrary ruling would seem to establish an example of the sacrifice of substance to form. If there be any virtue in an agreement between parties concerning alimony and consent to make the agreement the judgment of the court in a pending action therefor, it is to eliminate this issue from further controversy and render it unnecessary for the jury to pass thereon. Under our practice, where a judgment is confessed, the confession operates to take the place of a verdict of a jury (*Melins* v. *Horne,* 29 *Ga.* 536; *Information Buying Co.* v. *Miller,* 173 *Ga.* 786, 161 S. E. 617), as does the judgment of a trial judge to whom a case is submitted without the intervention of a jury. *Read Phosphate Co.* v. *Wells,* 18 *Ga. App.* 656 (90 S. E. 358) ; *Johnston* v. *Smith,*

83 *Ga.* 779 (10 S. E. 354). Similarly, when parties agree on the amount, etc., of alimony, the agreement and judgment obviate any necessity of a verdict by a jury. "Consent cures all errors, not going to the jurisdiction of the court, and obviates the necessity of proof, or of a verdict or findings. It is a sufficient waiver of trial by jury." 34 C. J. 132, § 332. "No hearing or trial is necessary except for the purpose of determining the fact or validity of the agreement and ordering judgment accordingly. Consequently no findings are necessary." 3 Freeman on Judgments, § 1349.

It may be also observed that while the judgment for alimony was entered in the instant case in a divorce action to which alimony is incident, the court would nevertheless have jurisdiction to enter an alimony judgment on the petition of the wife under the Code, § 30-213; and it has been held that in an action where the petitioner prayed for divorce, equitable relief, temporary and permanent alimony, and where in the course of the proceeding the prayer for divorce was stricken, the petition as amended could "proceed as to alimony under section 1747 [30-213] of the Code." *Price* v. *Price,* 90 *Ga.* 244 (15 S. E. 774). No case called to our attention would seem to deprive the judgment of the usual attributes of one based on a verdict. In Yarborough *v.* Yarborough, 290 U. S. 202 (54 Sup. Ct. 181, 78 L. ed. 269, 90 A. L. R. 924), the validity of a consent judgment for permanent support of a minor child, entered by a court in this State, in a divorce action between the child's parents before the final verdict and decree of divorce, and not incorporated therein, but after the appearance term and after the first verdict of divorce (just as in this case), was challenged on the ground "that the controlling statute required such an order to be entered after the second or final verdict; and that since the order was entered before the second verdict and not mentioned in it, the order was unauthorized and is void." As to this contention it was held: "By the law of Georgia, a decree in a divorce suit, fixing the permanent alimony that the husband must pay for the support and education of his minor child, may be entered by consent of the husband and wife before the rendition of the two concurring verdicts which the law makes necessary for the granting of total divorce; it becomes unalterable after the expiration of the term at which the total divorce was granted." We reach the conclusion that the dismissal of the rule was erroneous. Only one thing further we deem

it important to state, and that is that it does not appear in the record that the judgment was rendered at the first term (Code, § 81-1003; *Kantzipper* v. *Kantzipper,* 179 *Ga.* 850 (177 S. E. 679); *Seigler* v. *Seigler,* 181 *Ga.* 310, 181 S. E. 822), or that it was rendered in vacation (*Sapp* v. *Williamson,* 128 *Ga.* 743, 58 S. E. 447); and the validity of the judgment is not questioned on either of these grounds.

*Judgment reversed. All the Justices concur, except*

ATKINSON, Presiding Justice, dissenting. "Divorces may be granted by the superior court, and shall be of two kinds—total and from bed and board. The concurrent verdicts of two juries, at different terms of the court, shall be necessary to a total divorce." Code, § 30-101. "Alimony is an allowance out of the husband's estate, made for the support of the wife when living separate from him. It is either temporary or permanent." § 30-201. "The jury rendering the final verdict in a divorce suit may provide permanent alimony for the wife, either from the corpus of the estate or otherwise, according to the condition of the husband." § 30-209. "Permanent alimony shall be granted in the following cases: 1. In cases of divorce, as considered in chapter 30-1 [§ 30-101]. 2. In cases of voluntary separation. 3. Where the wife, against her will, shall either be abandoned or driven off by her husband." § 30-210. See *Wise* v. *Wise,* 156 *Ga.* 459 (2) (119 S. E. 410), showing history of the above sections of the Code. The instant case is a suit for permanent alimony, instituted by the petitioner purely for total divorce and alimony under the Code, §§ 30-101, 30-209, without any amendment seeking alimony separately from divorce. Under this state of the record there is no provision of law for the grant of permanent alimony except as under the Code sections last mentioned, and consequently no provision of law for the grant of permanent alimony in the case except by the final verdict as provided in § 30-209 supra, which could not be rendered at the same term as the first verdict. In such a case, under these sections of the Code there could be no such thing as a decree for permanent alimony that was not based on a final verdict for divorce. Grant of permanent alimony in cases of divorce under the foregoing sections of the Code must not be confounded with grant of permanent alimony, in cases of separation, without suit for divorce under a different section of the Code, namely § 30-213, as applied

in the recent case of *Evans* v. *Evans,* 191 *Ga.* 752 (14 S. E. 2d, 95). That Code section makes no reference to a second or final verdict. Only one verdict will suffice for grant of permanent alimony under that law. And under the amendatory act approved March 28, 1935 (Ga. L. 1935, p. 481; Annotated Code, § 81-1003), the case may be tried and verdict rendered by consent of the parties even at the first or appearance term. See *Norvell* v. *Norvell,* 192 *Ga.* 1 (14 S. E. 2d, 440). The difference in the laws, if not regarded, may tend to confusion.