BEDENBAUGH *v.* BURGIN *et al.; et vice versa.*

Nos. 14723, 14726.   January 5, 1944.

*R. L. LeSueur* and *Hollis Fort,* for plaintiff.

*Joe M. Ray* and *Dykes, Bowers & Dykes,* for defendants.

GRICE, Justice. We deal first with the cross-bill excepting to the refusal of the trial judge to dismiss on demurrer the so-called "cross-bill" of Bedenbaugh, one of the defendants in the original suit. It was filed on August 24, 1943, and "intituled in the cause" of "R. F. Burgin vs. J. H. Bedenbaugh et al. Petition for Injunction, etc. In Sumter Superior Court, November Term, 1943," and purports to be "his cross-bill in said above pending suit;" and after stating that "on May 20, 1943, the above entitled cause was filed against this defendant and others," and that "on June 11, 1943, a consent decree was taken in the above cause, settling certain issues therein involved," next declares that the decree

contained among other things the following language: "It is further decreed that when R. F. Burgin has removed the mill from the lands of J. H. Bedenbaugh as described in said contract as reformed, said contract will at that time terminate and the said R. F. Burgin shall no longer have the right to enter said lands and cut any timber." After a further statement that the above stated suit is still pending and has never been dismissed, it contains averments to the effect that on July 13, 1943, the mill and all its equipment were removed, except a skidder, which was moved about two weeks later, but that nevertheless the plaintiff is now undertaking to saw the remaining timber on said land. The defendant seeks injunction.

The so-called "cross-bill" can not be treated as a cross-action. It seeks relief solely because of the alleged violation on the part of Burgin of the provision above quoted. No valid decree settling any right of the parties could be entered, by consent or otherwise, on the 11th day of June in a cause returnable to a term of court which was to convene in November thereafter. *Sapp* v. *Williamson,* 128 *Ga.* 743 (58 S. E. 447). It could, however, in the absence of fraud, accident, or mistake, be operative as an agreement binding upon the parties thereto. *Driver* v. *Wood,* 114 *Ga.* 296 (40 S. E. 257). The entire decree is not set forth in the cross-action, nor shown as an exhibit thereto. Construing the pleading, however, in the light of the statement that it did contain the provision heretofore quoted, the most that could be claimed for it is that, in settling certain issues involved in the original case, there was an agreement that when Burgin once moved his mill from the lands, his right to cut timber therefrom should terminate; and that an injunction is sought to prevent him from violating this agreement, made subsequently to the filing of the suit. Bedenbaugh does not allege that Burgin is a resident of Sumter County. He does not claim that the court has jurisdiction to grant him relief, except that it should entertain his prayer because it is based on a cross-action in a suit brought by Burgin against him and others. The question here is not whether the subject-matter sought to be introduced is germane to the original suit, although that frequently is made the test. See *Collier* v. *DeJarnette Supply Co.,* 194 *Ga.* 129 (20 S. E. 2d, 925). The pleading here challenged exhibits a situation where, in settling certain issues involved in the original

suit, the parties made an agreement which, so far as it appears, embodied an entirely new covenant. While it is said that the suit is still pending, never having been dismissed, and the defendant's present action is denominated by him a "cross-bill in said pending suit," it can not be maintained as a cross-action, in that at the time the latter was ·filed certain of the issues in the original suit had been settled by the parties. This being true, the original suit was not open to a cross-action as to matters which had been so determined. The so-called "cross-action" relates to an issue, and solely to an issue, which it is alleged had been determined. Such being the case, it seeks to enter as a cross-action into a cause which to all intents and purposes has been settled, in so far as the particular matter on which the prayer for relief is based. This can not be done. What is here ruled is not in conflict with the decision in *Cook* v. *Georgia Land Co.,* 120 *Ga.* 1068 (48 S. E. 378), to the effect that after a cause is at issue the defendant may by an answer in the nature of a plea *puis darrein continuance* set up matter of defense which has arisen since the beginning of the action, or since the filing of the last plea. In the cross-action, Bedenbaugh occupies the position of a plaintiff. "It has been held that where there is no cause of action at the commencement of the suit, a plaintiff can not recover, although one may accrue respecting the same subject-matter while the suit is pending. *Baker* v. *Tillman,* 84 *Ga.* 401 (11 S. E. 355) ; *Wadley* v. *Jones,* 55 *Ga.* 329." *Becker* v. *Donalson,* 133 *Ga.* 864, 873 (67 S. E. 92). See also *Crawley* v. *Barge,* 132 *Ga.* 96 (63 S. E. 819).

The demurrer should have been sustained and the cross-action dismissed.

*Judgment reversed on the cross-bill of exceptions; and affirmed on the main bill. All the Justices concur, except Jenkins, P. J., absent on account of illness.*