## GAITHER *v.* GAITHER.

No. 16685.   July 13, 1949.

574

*Winfield Payne Jones* and *F. L. Breen*, for plaintiff.
*A. C. Latimer* and *Edward L. Savell*, for defendant.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) The defendant, Olivia Gaither, demurred on the grounds: (a) there is no equity in the petition since it appears that the petitioner entered into a consent judgment, and such consent estops him from denying the validity of the judgment, it appearing on the face of the petition that the court had jurisdiction of the petitioner and of the subject-matter of the suit; (b) the order dated December 31, 1929, is not a final judgment, and was taken under the provisions of the Code, § 30-213, which gives a judge of the superior court the authority to grant alimony upon three days' notice to the husband; (c) it does not appear that the judgment complained of was induced by fraud, accident, or mistake, and in the absence of such showing the petitioner, having consented to such judgment, is thereby estopped from denying the validity thereof; (d) the consent judgment of December 31, 1929, is a valid judgment which is binding on the parties irrespective of whether the same is a judgment for temporary alimony or is a final judgment for permanent alimony; (e) the petitioner is seeking the aid of equity and is not doing equity.

It appears that the judgment awarding alimony was by consent. The petition was filed in the clerk's office on December 20, 1929, and the judgment awarding alimony was dated December 31, 1929. Accordingly, the petition was filed in the clerk's office only eleven days before the judgment was rendered.

The judgment, which required the husband to pay $40 per month from the date thereof, attorney's fees in the case, all costs of court involved in the case, and which after giving the wife and husband equal custody of the children for periods of six months at a time, dismissed the ne exeat bond, was for permanent alimony. In *Murray v. Dukes*, 204 *Ga.* 865 (2) (52 S. E. 2d, 468), which involved a petition for custody and control and for support of a minor child, this court held: "The superior court is without jurisdiction to render a judgment for permanent alimony before the appearance term; such jurisdiction can not be conferred by consent of the parties; and such a judgment, being void for lack of jurisdiction, can not be the basis of contempt proceedings against the defendant for failure to pay permanent alimony."

Counsel for the former wife insist that the judgment, even if

void, was a consent agreement and is still binding on the parties as a contract, and hence, the husband seeking cancellation of the void judgment must first pay the amount agreed upon.

"A decree rendered in accordance with a consent verdict, though it may not be valid as a judgment of the court, will, in the absence of fraud, accident, or mistake, be operative as an agreement binding upon all the parties thereto." *Driver* v. *Wood,* 114 *Ga.* 296 (40 S. E. 257). However in *Kantzipper* v. *Kantzipper,* 179 *Ga.* 850, 852 (177 S. E. 679) this court said: "The consent order passed at the appearance term could amount to no more than evidence of the agreement; and unless some 'appropriate' order or decree as to permanent alimony was rendered at a subsequent term, the wife was without a judgment upon which an execution could be issued."

The present judgment for alimony, which was void for want of jurisdiction in the court to render it before the appearance term, is a different thing from the contract upon which it is based or which it evidences. See, in this connection, *Hayes* v. *Hayes,* 191 *Ga.* 237 (11 S. E. 2d, 764), which distinguished between a suit for alimony and a suit on a contract to pay alimony. This being true, the doctrine that "he who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit" (Code, § 37-104), has no relation to the subject-matter of the petitioner's suit, which is to cancel a judgment for alimony that is void for want of jurisdiction, and under which judgment the former wife has no equitable rights to which the petitioner should give effect. *Information Buying Company* v. *Miller,* 173 *Ga.* 786, 793 (161 S. E. 617); *Atlanta Association of Fire Insurance Agents* v. *McDonald,* 181 *Ga.* 105 (2) (181 S. E. 822). Therefore such doctrine is not applicable to the present case.

"The judgment of a court having no jurisdiction of the person or subject-matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it." Code, § 110-709. The judgment here attacked being void for the reason above stated, the petitioner was entitled to have the same canceled as prayed. Accordingly, the trial court erred in sustaining the general demurrer and in dismissing the action.

*Judgment reversed. All the Justices concur.*