## SELLS *v.* SELLS.

WYATT, Justice. Mrs. Pearl E. Sells filed her petition against B. A. J. Sells, her husband, seeking temporary and permanent alimony. The defendant answered, alleging that, after the separation had taken place, the parties had entered into a written agreement which settled the defendant's liability for temporary and permanent alimony. The agreement, which was attached to and made a part of the defendant's answer, provided for an immediate cash payment of $1400 and for monthly payments of $50 for and during the life of the plaintiff. The agreement also provided, "in the event Mrs. B. A. J. Sells should enter suit for divorce, that B. A. J. Sells shall pay the said Mrs. B. A. J. Sells the sum of $100 on account of attorney's fees." The agreement further provided that, in the event either party instituted divorce proceedings, this agreement should become a part of the final decree. The defendant alleges in his answer that he has complied with the terms of the agreement, that the plaintiff has received its benefits, and that he is entitled to have the agreement made the judgment of the court in this action. The plaintiff demurred to the answer as amended. The demurrer was overruled, and the plaintiff excepted pendente lite. The case then came on for trial, and a jury was called to the box for the trial of the case. The plaintiff then sought to amend her petition so as to allege that the contract entered into by the parties was suggested by the defendant for the purpose of promoting the dissolution of the marriage, and was therefore void; and that, when the contract was entered into, she thought it was a temporary agreement, and that she was misled by the defendant and his friend, who drew up the contract, and in whom she had confidence. This amendment was disallowed by the judge in the court below. At the same time, and without submission of any evidence to the jury, the trial court directed a verdict for the defendant, finding the contract valid and in full settlement of all questions of alimony between the parties, both temporary and permanent, and judgment was entered thereupon. The exceptions are to the overruling of the plaintiff's demurrer to the answer as amended, to the denial of the plaintiff's amendment, to the direction of a verdict for the defendant, and to the judgment entered thereon. *Held:*

1. The parties to this action treat the question of the validity or invalidity

of the contract settling alimony questions between the parties as determinative of the correctness of the rulings of the court below, overruling the demurrer to the answer, and disallowing the plaintiff's amendment to her petition. It will be so treated here. "A contract between husband and wife, made with the intention of promoting a dissolution of the marriage relation, is contrary to public policy and void. *Birch* v. *Anthony,* 109 *Ga.* 349 (34 S. E. 561). But a contract providing for the wife's maintenance, made after a separation has taken place, or immediately before a separation which has already been determined upon, is valid and enforceable." *Sumner* v. *Sumner,* 121 *Ga.* 1, 5 (48 S. E. 727), and cases there cited. The provision in this case for attorney's fees for the wife, in the event she should in the future seek a divorce, does not alter the result. See *Melton* v. *Hubbard,* 135 *Ga.* 128 (68 S. E. 1101). Under these rulings, it was not error to overrule the plaintiff's demurrer to the answer as amended. Neither was it error to disallow her amendment, since it was insufficient in law to sustain her position.

2. It was not error for the trial court to direct a verdict for the defendant. The plaintiff in error admits in her pleadings that the contract in settlement of alimony questions between the parties was executed, and does not deny that the defendant in error has complied with the terms of the agreement, and that she has received the benefits under the contract for a period of at least eighteen months. "No sensible reason occurs to us why the defendant may not avail himself of all allegations in the plaintiff's declaration, without formally tendering the declaration in evidence, or otherwise proving the admissions it contains. The declaration being the very foundation of the plaintiff's case, he certainly should be bound by whatever he chooses to allege therein; and he can have no just reason to complain if, in the progress of the trial, his own assertions be taken as true. Nor can we see any reason for requiring the defendant to offer the declaration in evidence. It is usually read to the jury, or its contents are stated in their hearing, and they have it before them in their deliberations. It is therefore available for all proper purposes, whether it be distinctly offered as evidence against the plaintiff or not." *East Tenn. &c. Ry. Co.* v. *Kane,* 92 *Ga.* 187, 192 (18 S. E. 18). See also *Wood* v. *Isom,* 68 *Ga.* 417; *Carver* v. *Carver,* 199 *Ga.* 352 (34 S. E. 2d, 509). Since the contract was admitted by the plaintiff in the court below, and since the attacks made against it were insufficient in law to invalidate it, no additional evidence was necessary to sustain the defendant's defense. "Under the evidence in this case the verdict for the defendant was the only one that could legally have been rendered; and therefore the court did not err in directing it." *Woodruff* v. *Executive Committee of the Baptist Convention,* 173 *Ga.* 102 (159 S. E. 855). See also *Jones* v. *Booth,* 150 *Ga.* 121 (102 S. E. 832); *Hendrix* v. *Causey,* 148 *Ga.* 164 (96 S. E. 180). The question of the inadequacy of consideration and the question of breach of confidence, not having been argued by the plaintiff in error, will be treated as abandoned.

3. Under the rulings above made, it was not error for the court below to render judgment on the verdict as directed. It follows that there was no error in the judgment complained of.

*Judgment affirmed. All the Justices concur.*

No. 17004. MARCH 14, 1950.

652

*J. Walter LeCraw* and *John H. Hudson,* for plaintiff.
*Ralph R. Quillian,* for defendant.