20622. ALLEN *v.* WITHROW.

ARGUED SEPTEMBER 15, 1959—DECIDED OCTOBER 9, 1959.

*Jack G. McKay, Nelson C. Coffin,* for plaintiff in error.

*Bass H. Lewis, Jr.,* contra.

HEAD, Justice. A contract between a husband and wife made with the intention of promoting a dissolution of the marriage relation existing between them is contrary to public policy and is illegal and void. *Birch* v. *Anthony,* 109 *Ga.* 349 (34 S. E. 561, 77 Am. St. Rep. 379); *Powers* v. *Powers,* 158 *Ga.* 251 (123 S. E. 220); *Law* v. *Law,* 186 *Ga.* 113, 116 (197 S. E. 272). But where, as in this case, the husband and wife were living in a state of separation, and the wife was suing the husband for divorce and alimony, they could enter into a valid and enforceable contract settling the issue as to alimony. *Chapman* v. *Gray,* 8 *Ga.* 341; *McLaren* v. *McLaren,* 33 *Ga.* (*Supp.*) 99; *Sumner* v. *Sumner,* 121 *Ga.* 1 (3) (48 S. E. 727); *Watson* v. *Burnley,* 150 *Ga.* 460, 463 (104 S. E. 220); *Gore* v. *Plair,* 173 *Ga.* 88 (159 S. E. 698); *Sells* v. *Sells,* 206 *Ga.* 650 (58 S. E. 2d 186).

Counsel for the plaintiff in error (the former husband) cite and rely upon *White* v. *Murden,* 190 *Ga.* 536 (9 S. E. 2d 745), which was not a full-bench decision, two Justices dissenting, and the decision in that case did not give effect to the facts set forth. It appears that a lump-sum award was made by the jury, payable in monthly instalments. In *Brown* v. *Farkas,* 195 *Ga.* 653 (4) (25 S. E. 2d 411), Mr. Presiding Justice Bell, speaking for a full bench, pointed out that *White* v. *Murden,* supra, "did not expressly rule upon the significance or effect of the lump-sum awards," and stated that, if the ruling in *White* v. *Murden* was in conflict with the ruling in *Brown* v. *Farkas,* supra, it would not be followed, the effect of lump-sum settlements being controlled by the unanimous decision in *Melton* v. *Hubbard,* 135 *Ga.* 128 (68 S. E. 1101).

In *Green* v. *Starling,* 203 *Ga.* 10 (45 S. E. 2d 188), at page 14, it was pointed out that the verdict in *White* v. *Murden,* 190 *Ga.*

536, supra, was rendered by consent of the parties, and the record shows that it was a consent verdict, approved in writing and signed by both parties and their counsel. "A decree rendered in accordance with a consent verdict, though it may not be valid as a judgment of the court, will, in the absence of fraud, accident, or mistake, be operative as an agreement binding upon all the parties thereto." *Driver* v. *Wood,* 114 *Ga.* 296 (40 S. E. 257) ; *Kidd* v. *Huff,* 105 *Ga.* 209 (31 S. E. 430) ; *Sapp* v. *Williamson,* 128 *Ga.* 743, 750 (58 S. E. 447) ; *Wilbanks* v. *Wilbanks,* 159 *Ga.* 196 (125 S. E. 202) ; *Lunsford* v. *Kersey,* 191 *Ga.* 738, 744 (13 S. E. 2d 803) ; *Estes* v. *Estes,* 192 *Ga.* 94 (14 S. E. 2d 681) ; *Bedenbaugh* v. *Burgin,* 197 *Ga.* 175, 180 (28 S. E. 2d 652) ; *Gaither* v. *Gaither,* 205 *Ga.* 572 (54 S. E. 2d 600) ; *Fowler* v. *Fowler,* 206 *Ga.* 542 (57 S. E. 2d 593) ; *Gaither* v. *Gaither,* 206 *Ga.* 808, 812 (58 S. E. 2d 834) ; *Lewis* v. *Lewis,* 213 *Ga.* 856 (102 S. E. 2d 559).

The statement of the court in *White* v. *Murden,* 190 *Ga.* 536, supra, that "Our conclusion is that an allowance of money in a decree for divorce and alimony, made purely for the use of the wife and payable in monthly instalments, ceases upon her remarriage," is in conflict with both our statutory law and the decisions of this court.

"A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code § 110-501. "A judgment of a court having jurisdiction of both the parties and the subject-matter, however irregular or erroneous, is binding until set aside." *Mitchell* v. *Arnall,* 203 *Ga.* 384 (4) (47 S. E. 2d 258) ; *Rozetta* v. *Rozetta,* 181 *Ga.* 494 (182 S. E. 847) ; *Sumner* v. *Sumner,* 186 *Ga.* 390 (2) (197 S. E. 833) ; *Manry* v. *Stephens,* 190 *Ga.* 305 (9 S. E. 2d 58).

In the present case, the parties having entered into a valid contract, which might have provided that it was to terminate upon the remarriage of the wife, but which did not so provide, and the contract having been made the judgment of the court, and it appearing that the court had jurisdiction of both the parties and the subject matter, the judgment is binding and en-

forceable until modified (see Ga. L. 1955, p. 630; Code, Ann., § 30-220), vacated, or set aside.

*Judgment affirmed. All the Justices concur.*