## 51803. McCOOK v. BECK.

MARSHALL, Judge.

This appeal is from a consent judgment for $600 plus costs in favor of the plaintiff below. Appellee, Mrs. Beck, is the sister of appellant McCook. In 1972 Mr. Beck was killed in an auto accident and Mrs. Beck seriously injured. Mrs. Beck appointed her brother McCook as her attorney-in-fact to collect sums of money due her as a widow and to pay her lawful indebtedness to the extent of such collections. The parties agreed that McCook collected $1,750 and paid out sums of money in discharge of unspecified debts.

Subsequently Mrs. Beck contended that McCook had not paid more than $750 of her debts and owed her $1,000. She demanded an accounting and surrender of money owing to her. Being unsuccessful in the settlement, Mrs. Beck brought suit alleging these facts and demanded $1,000.

The case was set for the October term of 1975. On September 25, 1975, a pre-trial conference was held in the chambers of the Judge of the Superior Court of Mitchell County to limit the issues actually in dispute. During the pre-trial conference Mrs. Beck indicated she would be

willing to settle for less than the $1,000 upon which the suit was based. Mr. McCook agreed he would pay some amount. After continued discussions, both parties agreed in the presence of the trial judge that a judgment could be entered for Mrs. Beck in the sum of $600 plus costs. The superior court judge personally prepared the consent decree and both parties signed in the presence of each other and in the presence of the judge. Thereafter the consent decree was approved by the judge. An affidavit by the judge indicates the signing of the consent decree was the free and voluntary act of Mr. McCook.

Appellant now enumerates as error the act of the trial court in entering judgment out of term and in refusing to hear evidence of payments made by appellant prior to the entry of the consent judgment. *Held:*

It has long been the law of this state that a decree by a court of record purporting upon its face to be taken by consent of all parties to the record, has the verity of a record as to the recital of the consent, and is not to be controverted except for fraud, accident or mistake, and then only on a proceeding directly to set it aside. *Clews & Co. v. First Mortgage Bondholders,* 51 Ga. 131; *Estes v. Estes,* 192 Ga. 94, 96 (14 SE2d 681). Even though what purports to be a consent verdict may fail as a judgment binding upon the parties, because of want of jurisdiction in the court or other valid reason, still, if the terms of the same were, upon sufficient consideration, agreed to by the parties with a full knowledge of its contents, the consent decree may be pleaded in bar of the rights of the parties assenting thereto. *Kidd v. Huff,* 105 Ga. 209 (31 SE 430). See *Allen v. Withrow,* 215 Ga. 388, 390 (110 SE2d 663) and cits.

In this case, assuming a dispute existed between the parties as to the amount involved in the controversy (a fact we may not verify since no transcript was prepared at the pre-trial conference), appellant does not contend he was unaware of the terms of the consent decree or that he was fraudulently induced to sign or signed through mistake or accident the consent decree. Under the terms of the decree, there was adequate consideration on behalf of both parties. In view of the voluntary settlement of this litigation and the consent decree entered by the superior

court, there remains nothing for this court to consider. *Driver v. Wood,* 114 Ga. 296 (40 SE 257).

*Judgment affirmed. Pannell, P. J., concurs. Evans, J., concurs specially.*

SUBMITTED FEBRUARY 3, 1976 — DECIDED APRIL 7, 1976.

B. O. McCook, *pro se.*
Twitty & Twitty, Frank S. Twitty, for appellee.

EVANS, Judge, concurring specially.

I agree with all that is said in the majority opinion and add the following: Defendant cites *Bedenbaugh v. Burgin,* 197 Ga. 175, 180 (28 SE2d 652); and *Gaither v. Gaither,* 205 Ga. 572 (54 SE2d 600), and appears to contend because of these decisions that the agreement she signed was not binding. These two cases hold that no valid and binding consent can be given prior to the appearance term of court. But the *Appearance* Term is no longer with us (Code Ann. § 81-1003—now partially repealed by CPA); and instead we have an "appearance day" which is thirty days after suit has been served. See Code Ann. §§ 81A-104 (d) (1), 81A-140. But regardless of appearance term or appearance day, the agreement here was executed more than thirty days after suit was filed and the cases relied upon by the defendant are not applicable.